DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1175

STATE OF LOUISIANA

VERSUS

JAMES W. BERRY

**********
APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 71820
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and J. David Painter, Judges.

SENTENCE VACATED IN PART AND AFFIRMED.

Annette Roach
Louisiana Appellate Project
P.O. Box 1747
Lake Charles, LA 70602-1747
Counsel for Defendant-Appellant:
    James W. Berry

Edwin L. Cabra
Office of the District Attorney
P.O. Box 1188
Leesville, LA 71446
Counsel for Appellee:
    State of Louisiana

PAINTER, Judge.

Defendant, James W. Berry, appeals the sentences imposed in connection with his conviction of simple burglary and theft over $500.00.

FACTS AND PROCEDURAL HISTORY

On December 14, 2006, Defendant entered the garage of a home under construction and took a Troy-Built 8000 watt generator without the owner's permission. It was further alleged that Defendant used a stolen credit card to make a purchase in the amount of $983.75.

On March 19, 2007, Defendant was charged by bill of information as follows: Count 1 - unauthorized use of an access card in the amount of $983.75, without consent of the owner, a violation of La.R.S. 14:67.3; Count 2 - simple burglary, a violation of La.R.S. 14:62; Count 3 - theft over $500.000, a violation of La.R.S. 14:67; and Count 4 - illegal possession of stolen things valued at $1,300.00, a violation of La.R.S. 14:69. Pursuant to a plea agreement, on May 9, 2007, the Defendant withdrew his former pleas of not guilty and entered a guilty plea to Counts 2 and 3. As part of the plea agreement, the State agreed to dismiss Counts 1 and 4, not to file a habitual offender bill, and to recommend that the sentences run concurrently to each other. Also, it was stipulated that Defendant would make restitution of $983.75 to the victim of the crime charged in Count 1, although the count was dropped as part of the plea agreement.

Defendant was sentenced to serve nine years at hard labor and ordered to pay a fine of 1,000.00, plus court costs, on Count 2. On Count 3, Defendant was sentenced to seven years at hard labor and ordered to pay a fine of $1,000.00, plus court costs. The sentences were ordered to run concurrently, and Defendant was

1

given credit for time served. Defendant was also ordered to make restitution in the amount of $983.75 to Robert Moss as condition of his sentence on Count 3. A Motion to Reconsider Sentence was filed and subsequently denied on August 17, 2007.

Defendant appeals asserting that the court ordered restitution of $938.75 on a count to which he did not plead guilty was illegal and that his sentences are excessive.

DISCUSSION

*Restitution*

Defendant argues that the trial court erred in ordering the payment of restitution to a victim of a count which was dismissed as part of the plea agreement. As a result, Defendant maintains that the sentence is illegal.

In support of his argument, Defendant refers to the recent decision in *State v. Perez*, 07-229 (La.App. 3 Cir. 10/3/07), 966 So.2d 813. The matter was originally before this court in *State v. Perez*, 06-436 (La.App. 3 Cir. 9/27/06), 939 So.2d 733. Pursuant to a plea agreement, the defendant in *Perez* was ordered to pay restitution as a condition of probation on counts that had been dismissed as part of the plea agreement. This court vacated the condition of probation requiring the defendant to pay restitution to victims other than those of the offenses for which he pled guilty. The matter was also remanded to the trial court for an evidentiary hearing to determine the nature of the plea agreement and whether the entire agreement was invalidated by the vacation of the restitution. On remand, the trial court failed to determine whether the plea agreement was invalidated, and the defendant again appealed reasserting the claim in his original appeal.

2

In the subsequent appeal, *State v. Perez*, 07-229, p. 4 (La.App. 3 Cir. 10/3/07), 966 So.2d 813, 815 this court stated:

> The transcript of the evidentiary hearing establishes that the State's consent to Defendant's plea agreement was predicated on his making restitution to all of his victims, including victims whose cases were dismissed, and that Defendant's consent to the plea agreement was predicated on his not having to plead guilty to all cases in which he was charged. In our previous opinion, we observed that invalidation of the restitution order imposed on Defendant may invalidate the State's consent to his plea agreement if the State's consent was predicated upon Defendant's agreement to pay restitution to victims of all cases pending against him.

> Restitution to all victims of Defendant's criminal actions was central to the State's agreement to Defendant's plea. However, requiring restitution to victims of dismissed cases is patently erroneous; therefore, we again remand the matter for the trial court to determine whether the invalidation of the restitution order invalidated the State's agreement to Defendant's plea.

In the instant case, as a condition of the sentence imposed on Count 3, Defendant was ordered to pay restitution to the victim in Count 1, which was dismissed as part of the plea agreement. Also, like the defendant in *Perez*, Defendant was aware that the plea agreement included restitution to a victim of a crime charged in a count which was dismissed pursuant to the plea agreement. The main difference between *Perez* and the matter presently before this court is that in *Perez*, restitution was ordered as a condition of probation, whereas in the instant case restitution was ordered as part of a sentence.

In its brief to this court, the State concedes that the part of the plea agreement in which the parties agreed that Defendant would pay restitution to the victim of the crime charged in the count that was dismissed is contrary to the law. Further, relying on this court's decision in *Perez*, the State recommends that this court strike the illegal provision and asserts that there is no need to remand this case to the trial court

3

for an evidentiary hearing. Therefore, we will strike the illegal portion of Defendant's sentence requiring the payment of restitution, leaving intact the remainder of the Defendant's sentences.

*Excessive Sentence*

Defendant next argues that the sentences imposed are cruel, unusual and excessive, and serve no legitimate purpose. Counsel for Defendant filed a Motion to Reconsider Sentence stating the following: "[T]he sentence imposed herein is excessive and as such is unconstitutional and illegal given due consideration to the facts and circumstances of the case, the pre-sentence investigation and its results, and any and all other matters at the disposal of the court at the time said sentence was imposed." Defendant did not include a specific ground for the motion. "Failure to . . . include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." La.Code Crim.P. art. 881.1(E). Accordingly, Defendant is only entitled to a bare review of excessiveness. *State v. Semien*, 06-841 (La.App. 3 Cir. 1/31/07), 948 So.2d 1189, *writ denied*, 07-448 (La. 10/12/07), 965 So.2d 397.

This court has set forth the following standard to be used in reviewing excessive sentence claims, as follows:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of

4

sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held that:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

In the instant case, Defendant pled guilty to simple burglary and theft of over five hundred dollars. The penalty for simple burglary is imprisonment for not more than twelve years, with or without hard labor, or a fine of not more than two thousand dollars, or both. La.R.S. 14:62. Therefore, Defendant's nine year sentence was three-fourths the maximum possible sentence, and his fine was one-half the maximum possible fine. The penalty for theft of over five hundred dollars is imprisonment for not more than ten years with or without hard labor, or a fine of not more than three

5

thousand dollars, or both. La.R.S. 14:67. Again, Defendant's seven year sentence was not the maximum possible sentence and he received only one-third the maximum possible fine. Additionally, Defendant received a significant benefit from his plea bargain in that two charges were dropped, unauthorized use of an access card and illegal possession of stolen things, which carried penalties of up to ten years and/or a fine of not more than three thousand dollars for each offense. Further, the State agreed not to charge Defendant as a habitual offender and recommended that Defendant's sentences be ordered to run concurrently.

At sentencing, the trial court noted that it had received and reviewed Defendant's presentence investigation report in formulating Defendant's sentences, as well as a letter written on behalf of Defendant by Mr. Charles Pennington, a member of Union Baptist Church involved in prison ministry. The trial court also received and reviewed a letter written to the court by Defendant. In rendering its decision, the trial court considered the mitigating and aggravating factors, as follows:

> The, the [sic] court considered all of the factors of Article 894.1 of the Code of Criminal Procedure and found that the following were applicable. First, there was economic harm caused to the victims in this case in each instance. There are no substantial grounds tending to excuse or justify his conduct nor did he act under strong provocation by the victim or others. He is forty-eight years of age. He is divorced and has one child. He is in good health and has been employed in the past primarily in the construction business. He has a high school education. He has a prior record and has been classified as a sixth felony offender. The report shows that on March 12th, 1985 in Connecticut he was convicted of burglary and given one year of probation. On May 4th, 1990, in the state of New Jersey he was convicted of larceny, felony grade, and given a three-year probated sentence on May 31st, 1991 and on May 13th, he was convicted of burglary, felony grade, and assault, felony grade, and given Department of Correction sentences each time and that was again in the state of New Jersey. Then, he moved on to the state of Florida where in 1996, December 1st, he was convicted of aggravated fleeing from police and was given one year in jail. Then, on September the 2nd, 1999, he was convicted of burglary of a dwelling and aggravated battery and given one year of jail time on each. And, on July

6

7th, 2004, he was convicted of burglary and larceny and given one year and three months on each of those charges. The report also indicates that he has numerous misdemeanor convictions of various sorts, both in state of New Jersey and in the state of Florida. It appears now that he has moved on to the state of Louisiana and has now begun to engage in the same kind of conduct that he conducted himself in in [sic] the state of New Jersey and Connecticut and then in Florida more recently and I see no expectation that that kind of behavior would cease at any point in time based on his past history.

Considering Defendant's extensive criminal history and the benefit received from his plea agreement, Defendant's sentences are not excessive and do not shock one's sense of justice. Accordingly, Defendant's sentences are affirmed, excepting the portion ordering restitution.

## DECREE

The illegal portion of Defendant's sentence on Count 3 ordering restitution is stricken. Otherwise, Defendant's sentences are affirmed.

SENTENCE VACATED IN PART AND AFFIRMED.