## NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**08-0280**

**STATE OF LOUISIANA**

**VERSUS**

**HEATH EDWARD FUSILIER**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF IBERIA, NO. 06-2056
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS
JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED AS AMENDED, REMANDED WITH INSTRUCTIONS.**

**Jeffrey J. Trosclair**
**Assistant District Attorney, 16thJudicial District**
**St. Mary Parish Courthouse**
**Franklin, LA 70538**
**(337) 828-4100**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**Mark Owen Foster**
**Louisiana Appellate Project**
**Post Office Box 2057**
**Natchitoches, LA 71457**
**(318) 572-5693**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Heath Edward Fusilier**

PETERS, J.

The State of Louisiana charged the defendant, Heath Edward Fusilier, by bill of information with the offense of second degree battery, a violation of La.R.S. 14:34.1. A jury trial resulted in the defendant's conviction for the charge. Thereafter, the trial court sentenced the defendant to serve five years at hard labor, suspended three and one-half years of the sentence, and ordered that the defendant serve five years supervised probation. The defendant appealed his conviction, asserting one assignment of error. For the following reasons, we affirm the defendant's conviction, but amend the sentence and remand the matter to the trial court for amendment of the trial court minutes.

## FACTS

On the night of January 20, 2006, the defendant and the victim, Keith Provost, were both at a party in a New Iberia bar called The Bird Cage. The criminal charges arose because the defendant struck Mr. Provost in the jaw with his fist,[1] breaking Mr. Provost's jaw in two places.

## OPINION

Louisiana Code of Criminal Procedure Article 920(2) requires that we review all appeals for errors "discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." In reviewing this appeal, we find two such errors that require correction.

The trial court minutes of the sentencing hearing state in pertinent part:

The Court ordered that upon release the defendant will be placed on five (5) years of supervised probation under the usual conditions of probation and the following special conditions:

. . . .

_____

[1]The primary factual dispute is whether the defendant struck his victim from behind. However, resolution of that factual dispute is not necessary in order to dispose of this appeal.

3) pay Restitution in the following amounts

 A) Crime Restoration Board in the amount of $7,328.00

 B) Keith Provost in the amount of $2,325.00

 C) Southern Community Hosp. in the amount of $4,275.00

 D) Iberia Medical Center in the amount of $542.00

 E) Attending Emergency Physicians in the amount of $426.00

 F) Radiology Associates in the amount of $7.19

 These payment[s] will be paid in the amount of 1/60th of the total amount beginning thirty (30) days upon release until paid every month.

We first note that the trial court erred in ordering the defendant to pay restitution for medical expenses incurred by the victim directly to the medical providers. Louisiana Code of Criminal Procedure 895.1 authorizes restitution only to compensate the victim, not payment to third parties. *State v. Perez,* 07-229 (La.App. 3 Cir. 10/3/07), 966 So.2d 813. Therefore, we delete the order requiring restitution payments to the medical providers and amend the defendant's sentence by ordering that the medical expenses in the amount of $5,250.19 be paid directly to the victim. The trial court is ordered to note this amendment in the court minutes.

Additionally, the minutes of sentencing erroneously state that restitution is owed to the "Crime Restoration Board," instead of the "Crime Victim Reparation Board." We instruct the trial court to amend the minutes of sentencing to indicate that restitution be made to the Crime Victim Reparation Board.

In his only assignment of error, the defendant asserts that the evidence presented at trial does not support his conviction. When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational

2

trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781(1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983).

> It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371 (citations omitted).

Second degree battery is defined by La.R.S. 14:34.1 as "a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury." Additionally, it provides that,

> For purposes of this article, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.

A conviction for the offense of second-degree battery requires proof that the offender had the specific intent to inflict serious bodily injury. *State v. Welch*, 615 So.2d 300 (La.1993). The defendant argues that the state failed to prove beyond a reasonable doubt that he had the specific intent to inflict serious bodily harm and contends that his conviction should be reduced to simple battery.[2] Specific intent is defined in La.R.S. 14:10(1) as "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." Our supreme court has held that

---

[2]Simple battery is defined by La.R.S. 14:35, which states in pertinent part, "Simple battery is a battery committed without the consent of the victim."

3

"such intent 'may be inferred from the circumstances of the transaction.'" *State v. Stowe*, 93-2020, p. 3 (La. 4/11/94), 635 So.2d 168, 171.

Viewing the evidence in the light most favorable to the prosecution, the testimony reflected that the defendant approached Mr. Provost from behind and punched him in the face with sufficient force to break the bones in his jaw. In similar circumstances, courts have held that a punch to the face or head resulting in broken bones is sufficient to uphold a verdict of second degree battery. *See State v. Landry*, 03-1671 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235 (the defendant punched the victim, causing him to fall onto the concrete. The victim was knocked unconscious and suffered a broken jaw, a fractured jaw, scrapes, and bruises, and was on a liquid diet for eight weeks); *State v. Kirkland*, 42,397 (La.App. 2 Cir. 8/15/07), 962 So.2d 1173, *writ denied*, 07-1928 (La. 2/15/08), 976 So.2d 174 (the 25-year-old defendant "deliberately hit the 70-year-old victim in the face with sufficient force to break the bones in the victim's skull" *Id.* at 1177); *State v. Accardo*, 466 So.2d 549 (La.App. 5 Cir.), *writ denied*, 468 So.2d 1204 (La.1985) (the twenty-one year old male defendant struck the seventeen year old female victim once in the head with either his fist or a blackjack, causing some swelling on her head); and *State v. Diaz*, 612 So.2d 1019 (La.App. 2 Cir. 1993) (the defendant, who was larger than the victim, struck the victim once, as hard as he could, breaking the victim's jaw.).

We find that a rational trier of fact could have inferred from the extent of Mr. Provost's injuries that the defendant specifically intended to cause, at a minimum, extreme physical pain.

4

## DISPOSITION

For the foregoing reasons, we affirm the defendant's conviction. However, we amend the defendant's sentence to require that he make full restitution to the victim directly for the medical expenses he suffered as a result of his injury, and set aside that portion of the sentence requiring that the defendant pay the medical care providers directly. In doing so, we order that the defendant make restitution directly to his victim in the full amount of $5,250.19. We remand the matter to the trial court with instructions to amend the trial court minutes of the sentencing proceeding to correctly reflect that restitution be paid to the Crime Victim Reparation Board rather than the Crime Restoration Board.

**AFFIRMED AS AMENDED, REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.