SCHOTT, Judge.
Defendant was originally charged with theft of an automobile belonging to Brian Beck and simple burglary of an automobile belonging to Richard Worgan. The first count was amended before trial to possession of a stolen automobile. He was convicted on both counts and sentenced as a habitual offender to five years on each count to run concurrently. In his only assignment of error he contends the evidence as to count two was insufficient to establish his guilt.
The crimes were allegedly committed at about 3:00 A.M. on April 19, 1985. The automobile owned by Brian Beck was a 1979 Monte Carlo and the other, Worgan’s, was a 1976 Cutlass. Officer Montalbano had been involved in a stake out in the vicinity of the Pontchartrain Oaks Apartments located at Haynes Boulevard and Weaver Street in New Orleans for several hours when he started home in an unmarked car. As he was passing the apartments he saw a vehicle approach from the opposite direction (Haynes Boulevard) and stop ahead of him. The driver who was the defendant got out, walked to the rear of the vehicle and then back to the front, threw his hat into the car, and walked back to the rear. As Montalbano was passing this vehicle which was a 1979 Monte Carlo he looked at the defendant and the defendant at him. The defendant walked at a fast pace toward a 1976 Cutlass parked perpendicular to Weaver Street about thirty feet away in the apartments’ parking lot. Seated in the vehicle was a man later identified as Mike Perry.
Montalbano continued along Weaver to Haynes Boulevard about three quarters of a block away, turned and proceeded about a half block, and called the police in the vicinity to assist him with the handling of what he thought was an auto burglary. At this time a van emerged from the apartments. Montalbano stopped the van thinking the occupants might also be involved in the burglary, but they proved to be delivering newspapers in the area.
Montalbano walked to the 1979 Monte Carlo which defendant had been driving and found the engine still running and the plastic covering around the steering column broken open. As he was investigating the car he saw the newspaper van approaching him at high speed. The driver told him the men he was after were running toward Haynes whereupon Montalba-no chased and apprehended the defendant and Perry in front of 9714 Haynes Boulevard three houses from Weaver.
The police found a screwdriver on the driver’s side of the floor of the Monte Carlo and the inside of the car in a state of disarray. On checking the Cutlass they found the door opened, the steering column broken into as on the Monte Carlo, a screw driver on the floor, a vice grip on the outside of the car, and a small piece of wire in front of the car. Its hood was open.
The next day the wallet belonging to the owner of the Monte Carlo was found in the front yard of 9714 Haynes. He testified that the police called him early on April 19 and asked if his car was missing. He checked in front of his home on the other side of the city where he had parked it and found it missing.
*7 Defendant testified in his own behalf that he and Perry were walking home when the police stopped and arrested them for no reason.
In this court defendant argues that the evidence did not tie him in with the Cutlass. He contends correctly that the absence of direct evidence of his burglary of the Cutlass and the state’s reliance on circumstantial evidence required exclusion of every reasonable hypothesis of innocence.
In order to convict defendant of simple burglary of the Cutlass the evidence had to establish defendant’s entry into the vehicle with the intent to commit theft. LSA-R.S. 14:62. However, defendant was guilty of the crime if the evidence established he was a principal, i.e., if he was concerned with the commission of the crime, whether present or absent, and whether he directly committed the burglary, by aiding and abetting in its commission, or directly or indirectly counseled or procured another to commit the crime. R.S. 14:24. Our task is to determine whether a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, would have found defendant guilty as a principal beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). Since the state relied on circumstantial evidence every reasonable hypothesis of defendant’s innocence must be excluded. R.S. 15:438.
Defendant was seen getting out of the stolen Monte Carlo and walking toward the Cutlass where Perry was sitting and engaged in the auto’s theft. A few minutes later defendant and Perry were caught running together from the scene, and defendant admitted they were together when they were arrested. We cannot conjure up any reasonable hypothesis other than that defendant was aiding and abetting or counseling or procuring his admitted companion who was well along in the process of burglarizing the Cutlass as defendant was walking toward him at a distance of less than thirty feet. The evidence was sufficient to convict defendant as a principal in the burglary of the Cutlass.
In our review of the record for errors patent we find that the trial court erred in sentencing the defendant to five years on each count under the habitual offender law, R.S. 15:529.1. Conviction on more than one count entered on the same date must be treated as one conviction for applying the habitual offender law. State v. Sherer, 411 So.2d 1050 (La.1982).
Accordingly, the conviction is affirmed, the sentence is vacated, and the case is remanded to the trial court for resentenc-ing in accordance with law.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.