615 So.2d 1336 (1993)
STATE of Louisiana
v.
Paul DIAZ.
No. 93-K-0357.
Supreme Court of Louisiana.
April 2, 1993.
*1337 PER CURIAM:
Granted in part; denied in part. Treating the penalty imposed by the district court as an illegal sentence which may be corrected "at any time ... by an appellate court on review," La.Code Crim.Proc. art. 882, defendant's sentence is vacated and this case is remanded to the district court for resentencing.
After conviction of second degree battery, defendant was sentenced to serve five years at hard labor (the maximum sentence). The sentence was suspended, and defendant was placed on probation with several conditions, including a term of one year in the parish jail and payment of "full and complete restitution" to the victim.
The district court may not impose a suspended sentence and require the defendant to spend additional time in jail as a condition of probation if the overall effect of the sentence is to expose the defendant to a greater term of imprisonment than provided by the statute he violated. State v. Wagner, 410 So.2d 1089 (La.1982); State v. Holmes, 497 So.2d 5 (La.App. 4th Cir. 1986); State v. Jones, 477 So.2d 914 (La. App. 4th Cir.1985). On resentencing, the district court should specify that in the event of revocation of probation, defendant's time spent in jail as a condition of probation and the term of imprisonment imposed because of the revocation shall not exceed the five-year maximum sentence for violation of La.Rev.Stat. 14:34.1.
As to restitution, the sentencing judge ordered, as a condition of probation, "full and complete restitution ... for any loss, injury or damage sustained by the victim...." The judge further ordered that "restitution is to be made in the amount that he may be found civilly liable for in an amount sufficient to compensate the victim for the loss, injury or damage."
La.Code Crim.Proc. art. 895.1 A authorizes the court, when the victim has suffered any "monetary loss or medical expense," to order payment of restitution "in a reasonable sum not to exceed the actual pecuniary loss to the victim." (emphasis added). La.Code Crim.Proc. art. 895.1 B further authorizes the court to order payment "to the victim to compensate him for his loss and inconvenience," which amount may be in addition to the amounts ordered under Article 895.1 A. These articles focus primarily on restitution for pecuniary losses caused by the criminal activity and not on providing criminal sanctions to enforce collection of civil damages (including non-pecuniary damages). On resentencing the judge should determine a specific (or determinable) reasonable amount of restitution, and should order payment "either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant." La. Code Crim.Proc. art. 895.1 A.
In all other respects, the application is denied.