715 So.2d 483 (1998)
STATE of Louisiana, Plaintiff-Appellee,
v.
James SANDERSON, Defendant-Appellant.
No. 97-1281.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1998.
Michael Harson, Lafayette, Ted Ayo, Asst. Dist. Atty., Abbeville, for State.
Patricia A. Thomas, Abbeville, for James Sanderson.
Before YELVERTON, SAUNDERS and PICKETT, JJ.
PICKETT, Judge.
This is an out-of-time appeal of a conviction and sentence, and particularly a condition of probation imposed upon suspension of the sentence. The Defendant is James Sanderson, *484 and he pled no contest to the charge of carnal knowledge of a juvenile, La.R.S. 14:80, on May 17, 1994. Later, the trial court sentenced him to three (3) years at hard labor, and suspended this sentence and placed the Defendant on five (5) years probation. The probation was subject to general and special conditions; one of these conditions of probation has led to this appeal.[1]
The Defendant engaged in a sexual relationship in 1992 with a sixteen-year-old girl who was in the foster care of the State of Louisiana. The victim was mentally retarded and the State learned that she was being sexually abused by other men in her family and neighborhood. The victim gave birth to a son, Kristoff, and the State suspected that the Defendant was the father of this child.
The State charged the Defendant with carnal knowledge of a juvenile and the case proceeded to trial on May 17, 1994. During trial, the Defendant decided to plead no contest to the charge. The trial judge ordered a presentence investigation report. At sentencing on December 5, 1994, the victim testified that she was not sure who was the father of her son, but that the Defendant had acknowledged verbally he was the father and the people with OCS had said the Defendant was Kristoff's father. The victim also said she did not want the Defendant to go to jail since she did not have a father while she was growing up and she wanted her child to have a father.
The trial judge sentenced the Defendant to three (3) years at hard labor; this was the maximum sentence recommended by the then applicable Sentencing Guidelines Grid. The trial judge suspended all of the sentence and placed the Defendant on five (5) years supervised probation, subject to general conditions of La.Code Crim.P. art. 895 and three special conditions. The first special condition was that the Defendant was under house arrest or home incarceration for one year. The second special condition was that the Defendant cooperate fully with the State, Department of Social Services, on all matters concerning the child born to the victim. The third condition was that the Defendant submit to a blood test for DNA paternity testing to be reviewed by the Department of Social Services. If the test results showed a probability of paternity exceeding 99%, "then without further ado, you will be ordered to make restitution to the State of Louisiana for the cost it has incurred in the foster care of this child to date, whatever the date of the testing is." The trial judge also noted that if the blood tests proved the Defendant was the father, then the State would seek further judgments against the Defendant.
On January 25, 1995, the State filed a Motion and Order for Paternity Blood Test. This motion was filed in the criminal case, but it relied upon the provisions of La.R.S. 9:396 et seq., Uniform Act on Blood Tests to Determine Paternity, to obtain the court order for the tests. A report of the test results was prepared on March 29, 1995, and filed in the record on April 7, 1995. The Defendant was not excluded as the biological father of the child, and the probability of paternity was 99.97%.
The record indicates that the Defendant's probation officer informed the court on September 28, 1995, that the total amount due for child foster care and child support was approximately $30,211.23, that this amount was beyond the Defendant's capacity to pay, and that a determination was needed for the total amount of restitution and monthly payment. The court minutes indicate that a probation revocation hearing occurred on November 6, 1995, and the trial court realized that the Defendant was ordered to reimburse the State the cost of care for the child and not the mother; therefore, the $30,211.23 amount was incorrect. The minutes show that the State was ordered to provide accurate information concerning the costs of care for the child; the Defendant's probation was not revoked.
Nothing happened in this case until May of 1997. A second probation revocation hearing was invoked by the Defendant's probation *485 officer. On May 12, 1997, all alleged violations of the Defendant's probation were resolved except the issue of how much restitution the Defendant owed the State of Louisiana for the foster care of the child. The trial court ordered OCS, Office of Child Support, to show the court within 30 days the amount of foster care restitution owed or the court would remove this condition of probation. The court minutes for the May 12, 1997 hearing end with a reference to the civil case against the Defendant, under docket number 69126. On May 23, 1997, a motion to transfer referred to the civil suit to establish paternity and child support obligation being filed April 2, 1997.
When OCS failed to produce the required information within 30 days, counsel for the Defendant filed a Motion to Remove Special Condition of Probation on July 28, 1997, 47 days after the deadline set by the court. A third hearing occurred on August 11, 1997, and it has resulted in the present appeal.
At the hearing, counsel for the Defendant objected, on the grounds of hearsay, to the court using a computer printout of the costs of care of Kristoff and his mother without the State presenting a witness who could explain the charges. The trial judge overruled the objection and said he calculated that the foster care costs for Kristoff totaled $14,404.89.[2] The trial judge also ruled that the untimeliness of the OCS response to its request did not prejudice anybody.
The Defendant now appeals the ruling of the trial court setting a final determinate figure for restitution owed to the State. Although initially sentenced in 1994, the precise amount of restitution owed was not set by the trial court until the August 11, 1997 hearing. This issue may be reviewed as part of the assignment of error or as an error patent since the sentence may be considered illegal. Cf. State v. Iles, 96-256 (La.App.3 Cir. 11/6/96); 684 So.2d 38.
The Defendant argues the sentence imposed upon him is illegal because the restitution to the State of Louisiana for the costs of care of the child born from the illegal sexual encounters between the Defendant and the victim is not permitted by law. The assignment of error refers specifically to the evidence presented and the lack of a proper foundation. However, since ordering restitution in the first place may have been inappropriate, we have combined our error patent review with the assigned error review.
When the court places a defendant on probation, the court may require as a condition of that probation the defendant's payment in restitution of any monetary loss or medical expenses incurred by the victim or his family. La.Code Crim.P. art. 895.1. The court has discretion to order further restitution for the victim's inconvenience. La.Code Crim.P. art. 895.1. The jurisprudence has established that restitution is not limited to only those actual pecuniary losses sustained by the victim or his family. State v. Elkins, 489 So.2d 232 (La.1986); State v. Alleman, 439 So.2d 418 (La.1983); State v. Olsen, 496 So.2d 1260 (La.App. 1 Cir.1986).
In dealing with conditions of probation and, more particularly, with payment of restitution as a condition of probation, La.Code Crim.P. art. 895 states, in pertinent part:
A. When the court places a defendant on probation, it shall require the defendant to refrain from criminal conduct and to pay a supervision fee to defray the costs of probation supervision, and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following:
That the defendant shall:
* * * * * *
(7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court; * * *.
At the time the Defendant committed the crime in 1992,[3] the provisions of La.Code *486 Crim.P. art. 895.1 set forth the specific elements to be included in a restitution payment ordered by the trial court:
A. When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any monetary loss or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim. The payment shall be made, in the discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.
B. When a court suspends the imposition or the execution of a sentence and places the defendant on probation, it may in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all or the following:
(1) To the indigent defender program for that court.
(2) To the criminal court fund to defray the costs of operation of that court.
(3) To the sheriff and clerk of court for costs incurred.
(4) To a law enforcement agency for the reasonable costs incurred in arresting the defendant, in felony cases involving the distribution of or intent to distribute controlled dangerous substances.
(5) To the victim to compensate him for his loss and inconvenience. Such an amount may be in addition to any amounts ordered to be paid by the defendant under Paragraph A herein.
(6) To a duly incorporated crime stoppers organization for the reasonable costs incurred in obtaining information which leads to the arrest of the defendant.

* * * *
The trial judge acknowledged that the original victim is the juvenile mother of the child. However, the trial judge did not order restitution for any of the damages suffered by the mother, such as medical expenses related to the pregnancy. The trial judge then said that the other victims would be the parents of the mother, but that in the present case the mother was in the custody of the State. Therefore, the State took the place of the parents and was also a victim. The trial judge ordered the Defendant to pay restitution to the State for the costs of foster care of the young child.
The first problem with this condition of probation is that Article 895.1 does not list the State as one of the parties who may receive restitution as a condition of probation. The trial judge considered the State the "victim" of the Defendant's criminal activity, but the State has other means to seek restitution or reimbursement from the biological parent for the costs of supporting the child. As the Louisiana Supreme Court has stated, the restitution provisions of La.Code Crim.P. arts. 895 and 895.1 focus primarily on restitution for pecuniary losses caused by the criminal activity and not on providing criminal sanctions to enforce collection of civil damages. State v. Diaz, 615 So.2d 1336, 1337 (La.1993).
Further, the costs of child rearing resulting from the unplanned and unwanted birth of the young child conceived by a criminal sexual act are not compensable damages. In Latullas v. State, 94-2049 (La.App. 1 Cir. 6/23/95); 658 So.2d 800, a guard at a women's prison raped one of the inmates and she gave birth to a child later determined to be the child of the guard. The rape victim sued the State and the guard and she was allowed recovery for the expenses incurred during pregnancy and delivery, but not child-rearing expenses since these expenses are off-set by the "benefit" brought about by the birth of the child. Id., at 806, citing Pitre v. Opelousas General Hospital, 530 So.2d 1151 (La. 1988). The Latullas opinion further refused to award damages to the child for humiliation that may be suffered from the stigma of being the product of a rape; such a claim was considered tantamount to a "wrongful life" claim rejected in Pitre. If the trial court could not award damages for the birth of Kristoff in a civil action, then it is difficult to see how such an award of damages could *487 be upheld, absent specific legislative provisions, under La.Code Crim.P. arts. 895 and 895.1, the general restitution articles.
That leads to the second problem with the condition of probation. The Diaz ruling hinted that restitution as a condition of probation cannot serve as a substitute for civil remedies such as a civil judgment. La.R.S. 46:236.1(B) grants the State through the Department of Social Services the authority to develop and implement a program of family support in cases such as Title IV-E Foster Care cases, and any other category of cases to which the State is required by federal law or regulation to provide services, and to enforce, collect, and distribute the support obligation owed by any person to his child or children if a support obligation has been established, establish paternity, and obtain and modify family and child support orders.
Before a man may be ordered to pay child support or ordered to reimburse the State for the support of his child, his obligation to provide support as the biological father of the child must first be established. Fathers owe alimony to their illegitimate children when they are in need. La. Civil Code art. 240. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under La. Civil Code art. 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided by La. Civil Code art. 209. The State is given the right to bring such a filiation or paternity action on behalf of a child receiving support in certain foster care cases, La.R.S. 46:236.1(F), but it must follow the procedures as set forth in La.R.S. 9:396 et seq., Uniform Act on Blood Tests to Determine Paternity.
If a trial court is allowed to impose child support obligations upon an alleged father of an illegitimate child as a condition of probation, without complying with the requirements of La.R.S. 9:396 et seq., La. Civil Code art. 209, and other filiation articles, then the defendant may be deprived of due process rights provided by the filiation articles. For example, the results of DNA blood tests, alone, are not sufficient to establish paternity. State v. Montgomery, 574 So.2d 1297 (La.App. 3 Cir.), writ denied, 577 So.2d 38 (La.1991). In the present case, the trial judge could not impose an obligation of child support or reimbursement for support paid by the State without following the procedures for filiation. Therefore, the condition of probation that the Defendant reimburse the State for the costs of foster care of the child born from the Defendant's criminal sexual relations with the juvenile mother should be vacated.
Removing this condition of probation does not deprive the State of any recourse for reimbursement. The State instituted a separate civil action against the Defendant for the purpose of establishing paternity and the payment of child support, or reimbursement as provided by La.R.S. 46:236.1. A Motion to Transfer the criminal probation action to the civil paternity action was filed on May 23, 1997. In the motion, the State alleges it filed the civil suit on April 2, 1997 and, since both the civil and criminal proceedings present common issues of fact and law, the criminal proceedings should be transferred to the civil action. If the Defendant fails to comply with any court order or judgment issued in this civil proceeding, then the State may institute a contempt of court action or even charge the Defendant with criminal neglect of family, a violation of La.R.S. 14:74.
Since the restitution portion of the Defendant's sentence is vacated as an illegal sentence, the formal assignments of error will not be addressed since they have been rendered moot.
For the reasons assigned, Defendant's sentence setting forth a condition of probation that the Defendant reimburse the State for foster child care costs for the child born as a result of the Defendant's criminal sexual relations with the juvenile mother should be vacated. The proper recourse for the State for reimbursement is by civil proceedings to establish filiation or paternity by the Defendant, and thereby an obligation to reimburse the State or pay child support. La.R.S. 46:236.1. The action of the trial court deprived the Defendant of due process rights guaranteed by those articles governing filiation and the establishment of child support *488 obligations. In all other respects, the Defendant's conviction and sentence is affirmed.
VACATED IN PART AND AFFIRMED IN PART.
SAUNDERS, J., dissents and assigns written reasons.
SAUNDERS, Judge, dissenting.
I feel that this was a reasonable condition of probation and would affirm.
NOTES
[1] This is not a review of a probation revocation proceeding which is reviewed by writ application; instead, this is an appeal. The trial judge did not set the determinate amount of restitution owed by the Defendant until the August 11, 1997 hearing, and he then granted the Defendant's motion for appeal.
[2] The court minutes mistakenly state that the amount owed is $11,404.89.
[3] Paragraph A of La.Code Crim.P. art 895.1 has been amended to clarify the concerns about conflicting awards of damages from the criminal prosecution of a tortious act and the civil proceedings for damages. Damages recoverable as restitution under La.Code Crim.P. art. 895.1(A) still are explicitly limited to the "actual pecuniary loss to the victim," but all other damages available under the law must be pursued in a separate action.