STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 08-1030


STATE OF LOUISIANA

VERSUS

BRANDY SMITH


**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 73,886
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and James T. Genovese, Judges.

**SENTENCE MODIFIED, AND AS MODIFIED, AFFIRMED.**


**William E. Tilley**
**District Attorney**
**Thirtieth Judicial District Court**
**P.O. Box 1188**
**Leesville, LA 71446-1188**
**(337) 239-2008**
**Counsel for Appellee:**
**State of Louisiana**

**Mark Owen Foster**
**Louisiana Appellate Project**
**P. O. Box 2057**
**Natchitoches, LA 71457**
**(318) 572-5693**
**Counsel for Defendant/Appellant:**
**Brandy Smith**

**Terry Wayne Lambright**
**Assistant District Attorney**
**100 S. Third Street, Suite A**
**Leesville, LA 71446**
**(337) 239-6557**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**EZELL, JUDGE.**

On February 19, 2008, the Defendant, Brandy Smith, was charged by bill of information as follows: counts one and three - simple burglary, violations of La.R.S. 14:62; counts two and four - theft of over $500.00, violations of La.R.S. 14:67 (B)(1); and, count five - theft of a firearm valued over $500.00, a violation of La.R.S. 14:67.[1] On April 7, 2008, the Defendant pled guilty to theft of over $500.00 in counts two and four and to the reduced charge of attempted theft of a firearm in count five. Counts one and three were dismissed pursuant to the plea agreement. Additionally, the Defendant agreed to make restitution to the Victim in counts two and four. The trial court ordered the State to verify the amount of restitution owed to the Victim within thirty days and to make sure that defense counsel was in agreement to the amount.

The Defendant was sentenced on June 24, 2008. On count two, the Defendant was sentenced to six years at hard labor, four years suspended, and he was ordered to pay a fine of $1,200.00, plus court costs. Upon release, he was to be placed on three years supervised probation, subject to the general and mandatory conditions of La.Code Crim.P. art. 895(A), in addition to the following special conditions: (1) pay fine and costs through a probation officer with a minimum monthly payment of $35.00; and (2) make restitution of $1,250.00 to the Victim, and $781.56 to the insurance company, the amount paid to the Victim for his claim. In count four, the Defendant was sentenced to six years at hard labor, four years suspended, and was ordered to pay a fine of $1,000.00, plus court costs. Upon release, he is to be placed

---

[1] With regard to count five, the bill of information is confusing as it sets forth two separate offenses, theft of a firearm and theft of over $500.00, and then indicates that the offense was in violation of La.R.S. 14:67 (theft of over $500.00). At the Defendant's guilty plea, the State identified the charge in count five as theft of a firearm and the Defendant pled guilty to the reduced charged of attempted theft of a firearm. As such, the bill of information should have charged the Defendant with theft of a firearm, a violation of La.R.S. 14:67.15. The Defendant does not appeal the conviction or sentence for count five, and thus, the issue is not addressed herein.

1

on three years supervised probation, subject to the general conditions of probation and the following special conditions: (1) pay fine and costs through a pay plan with a minimum monthly payment of $30.00; and, ( 2) make restitution to the six victims totaling $4,925.00. In count five, the Defendant was sentenced to four years at hard labor, suspended, and was ordered to pay a fine of $500.00, plus court costs. He was placed on three years supervised probation to begin upon his release on the other sentences. His probation was subject to the general conditions of probation and the special condition that he pay the fine and costs through a pay plan, with a minimum payment of $15.00. A supervision fee of $55.00 while on active supervised probation was also ordered. The sentences on all three counts were ordered to run concurrently with each other.

A motion to reconsider sentence was filed on June 26, 2008, and summarily denied, without reasons, on June 30, 2008. The Defendant is now before this court on appeal, asserting that his sentences for the theft convictions are excessive and that the trial court erred in ordering restitution to the Victim's insurance company in count two. The Defendant's sentences for theft over $500.00 are affirmed. However, the provision for restitution to the insurance company as a special condition of probation in count two is vacated.

## FACTS

At the Defendant's guilty plea hearing, the State asserted that on or about July 20, 2007, the Defendant, along with another individual, entered a camp belonging to Scott Dickerson and removed property, including four-wheelers, hunting and camping equipment, farming equipment, and a utility trailer valued at approximately $9,500.00, with the intent of permanently depriving the owner of the property. Also, in July, 2007, the Defendant entered two different mobile homes, without permission

2

of the owners, and removed property with a total value of approximately $4,955.00, $3,000.00 of which included nine firearms, with the intent of permanently depriving the owners of the property.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court for errors patent on the face of the record. After reviewing the record, there is one error patent which will be addressed in assignment of error number two.

**ASSIGNMENT OF ERROR NUMBER ONE**

By this assignment of error, the Defendant argues that the sentences imposed for the two theft charges were cruel, unusual, and excessive. Specifically, the Defendant asserts that the record contains little to no evidence that the trial court considered the mitigating and aggravating factors listed in La.Code Crim.P. art. 894.1.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331(alteration in original).

3

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00)[,] 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

As stated in La.R.S. 14:67(B)(1), "Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both." In the instant case, the Defendant's six-year sentence on each count of theft is just over one-half of the maximum possible sentence, and he received only one-half of the maximum possible fine. Additionally, although the offenses were totally unrelated, the trial court opted for leniency and ordered concurrent sentences. Also, the trial court suspended all but two years of each sentence.

Moreover, the Defendant received significant benefit from his plea agreement which resulted in the dismissal of two counts of simple burglary and the reduction of theft of a firearm to attempted theft of a firearm. Prior to his plea, the Defendant faced up to twelve years, with or without hard labor, and a fine of up to $2,000.00, on each count of simple burglary. *See* La.R.S. 14:62(B). Additionally, his sentencing exposure for theft of a firearm was significantly reduced.

4

At sentencing, the trial court reviewed the facts of the offenses, noting not only the theft of property, but also damage to the premises and the fact that some of the items were not recovered. Also, the Defendant urged the trial court to consider the fact that the primary reason most of the items were recovered was because he assisted police by providing information.

Next, the trial court stated for the record the factors considered in sentencing the Defendant as follows:

> I considered the Article 894.1 factors and found the following were applicable. There was economic harm to the victim - or victims. There were multiple victims, as I noted, and it was significant and this makes this a little more serious because of that. If you break into someone's house, typically there is a victim - the owner of the property. In this case because it was a deer camp among other places, the hunters congregated at the camp and so they all had their own items there that belonged to them so that compounds the problem because there's multiple victims. It, it makes it more significant. There are no substantial grounds which would tend to excuse or justify his criminal conduct nor did he act under strong provocation. He's twenty-eight years of age. He's married and has one child. He is in relatively good health but has had two knee surgeries and he has been working as a worker according to the report with Grey Wolf Drilling Company. He has a high school education. He does have a prior criminal record in that on January 23rd, 2004, he committed the offense of simple battery and was given jail time that was suspended and placed on six months supervised probation. Again, on May 8th, 2007 in the 30th Judicial District Court, he was convicted of misdemeanor turkey hunting violations. He was given a fine and jail time which was suspended and he was placed on two years supervised probation. He has a pending felony grade theft charge in the - in Newton County, Texas - or, it was pending at the time the report was done and the court's going to note that he was on probation for the misdemeanor turkey violations at the time that these offenses were committed. I noted that there is [sic] a number of victims in this case and, quite frankly, that it's, it's caused some traumatization to some of the victims. One of the camps - the camp that was broken into which was privately owned, those folks are selling the camp or had put it up for sell [sic] because the man's wife, quite frankly, didn't want to stay there anymore - didn't feel safe - and I can understand her feelings.

Considering the Defendant's prior criminal history, the lack of mitigating factors in the commission of the offenses, and the benefit the Defendant received from his plea agreement, we find that the Defendant's sentences are not excessive.

5

The Defendant did not receive near maximum sentences as claimed, and in fact, all but two years of the Defendant's sentences were suspended. Additionally, the record clearly reflects that the trial court gave adequate consideration to the mitigating and aggravating factors in the instant case. Accordingly, the Defendant's sentences for theft over $500.00 are affirmed.

## ASSIGNMENT OF ERROR NUMBER TWO

By this assignment of error, the Defendant argues that the trial court erred in ordering the payment of restitution in count two to the insurance company for the amount it paid to the insured victim. In support of his argument, the Defendant refers to *State v. Perez*, 07-229 (La.App. 3 Cir. 10/3/07), 966 So.2d 813. In *Perez*, the defendant entered a *Crosby* plea and reserved his right to appeal the issue of payment of restitution to the victims' insurance companies if the condition was made part of his sentence. At sentencing, the defendant was then ordered to pay restitution as a condition of probation to all of his victims, which included restitution to insurance companies whose insureds were victims of his criminal actions.

On appeal, the defendant argued that the insurance companies are not "victims" for purposes of La.Code Crim.P. art. 895.1. In ruling that restitution may be ordered to compensate the victim only, not the victim's insurance company, this court reasoned as follows:

> Louisiana Code of Criminal Procedure Article 883.2 requires restitution to a victim as part of a defendant's sentence when there is "an actual pecuniary loss to [the] victim." Additionally, La.Code Crim.P. art. 895(7) provides for "reasonable reparation or restitution to the aggrieved party for damage or loss" as a condition of probation, and La.Code Crim.P. art. 895.1 provides for "the payment of restitution in cases where the victim or his family has suffered *any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense.*" (Emphasis added). In *State v. Diaz*, 615 So.2d 1336, 1337 (La.1993), the supreme court addressed the payment of restitution, stating:

6

La.Code Crim.Proc. art. 895.1 A authorizes the court, when the victim has suffered any "monetary loss or medical expense," to order payment of restitution "in a reasonable sum not to exceed the actual *pecuniary* loss to the victim." (emphasis added). La.Code Crim.Proc. art. 895.1 B further authorizes the court to order payment "to the victim to compensate him for his loss and inconvenience," which amount may be in addition to the amounts ordered under Article 895.1 A. These articles focus primarily on restitution for pecuniary losses caused by the criminal activity and not on providing criminal sanctions to enforce collection of civil damages (including non-pecuniary damages). On resentencing the judge should determine a specific (or determinable) reasonable amount of restitution, and should order payment "either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant." La.Code Crim.Proc. art. 895.1 A.

In *State v. Devare*, 03-610, p. 6 (La.App. 5 Cir. 10/28/03), 860 So.2d 191, 195, the trial court's restitution order was vacated "because the caselaw and LSA-C.Cr.P. art. 895.1 indicate that restitution may be ordered only to compensate the victim, not the victim's insurance company." For these reasons, Defendant should be ordered to pay restitution to his victims only.

*Perez*, 966 So.2d at 815-16(alteration in original).

The State concedes that this assignment may have merit, but argues, nonetheless, that the term "victim" is sufficiently encompassing to include an insurance company who has sustained a direct loss by virtue of payment of a claim caused by a criminal's conduct.

The State asserts that the facts in the jurisprudence cited by the Defendant and this court in *Perez* are not factually the same as those in the instant case. The State correctly states that in *Diaz*, 615 So.2d 1336, there is no discussion about insurance companies and whether an insurance company is a victim under facts similar to this case. We note, however, that *Diaz* was cited for its discussion regarding restitution for pecuniary losses caused by the criminal activity. The court distinguished

7

restitution from criminal sanctions for the purpose of enforcing collection of civil damages.

With regard to *Devare*, 860 So.2d 191, the State correctly points out that unlike the Defendant in the instant case, the defendant did not agree in her plea agreement to pay an insurance company as a victim of her criminal conduct. The defendant there was originally ordered to pay $12,005.44 in restitution to the victim. The State interjected the fact that the victim's insurance company had paid $11,804.25 to the victim and, thus, was seeking reimbursement. The court subsequently ordered the defendant to reimburse the victim's insurance company $11,804.25 and pay the balance of the restitution to the victim. On appeal, the court ruled that restitution may be ordered only to compensate the victim and found that the trial judge should have credited the restitution order by the amount that the victim's insurance company reimbursed the victim.

We find that neither of these cases directly address the issue of whether an insurance company is a victim and, thus, do not support the State's contention that an insurance company can or should be considered a victim of criminal conduct. Further, the State does not refer to any supporting jurisprudence, nor have we found any jurisprudence to validate the State's claim. The ruling in *Perez,* 966 So.2d 813, is directly on point and the provision for restitution to the insurance company in the instant case is vacated.

## CONCLUSION

The Defendant's sentences for theft over $500.00 are affirmed, but the probationary condition ordering restitution to the insurance company as a special condition of probation in count two is vacated.

**SENTENCE MODIFIED, AND AS MODIFIED, AFFIRMED.**

8