NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1130

STATE OF LOUISIANA

VERSUS

KENNETH WAYNE RANDOLPH

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 307,707
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

SENTENCE VACATED AND REMANDED.

James C. Downs
District Attorney - Ninth Judicial District
Sheryl Lynn Laing
Assistant District Attorney
701 Murray Street
Alexandria, LA 71301
(318) 473-6650
COUNSEL FOR APPELLEE:
        State of Louisiana

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Kenneth Wayne Randolph**

**PICKETT, Judge.**

## FACTS

On December 4, 2010, the defendant, Kenneth Wayne Randolph, intentionally damaged a vehicle belonging to Tanisha Williams by scratching the vehicle's exterior with a key.

On July 21, 2011, the defendant was charged by bill of information with simple criminal damage to property of $500.00 to $50,000.00, in violation of La.R.S. 14:56(B)(2). Following a jury trial, the defendant was found guilty as charged on February 14, 2012. He was sentenced on February 27, 2012, to serve two years at hard labor, suspended, placed on two years of supervised probation with a host of special conditions of probation, and ordered to pay a fine of $500.00 and $834.50 in court costs. Additionally, the defendant was ordered to serve ninety days in the parish prison on work release, with credit for time served. Lastly, he was ordered to make restitution of $2,304.26 to Tanisha Williams. The defendant objected to his sentence as being excessive but did not file a motion to reconsider sentence.

The defendant is now before this court on appeal, challenging his sentence in five assignments of error.

## ASSIGNMENTS OF ERROR

1. For "keying" a car, Kenneth Randolph has been sentenced to serve the maximum sentence allowed for simple criminal damage to property, which sentence is excessive in this case.
    A. The trial court failed to particularize the sentence to this offender and offense.
    B. Conditions of probation are excessive and not reasonably related to rehabilitation.

2. The trial court erred in considering the failure of the defendant to pay restitution in lieu of prosecution as a reason to impose 90 days in jail as a condition of probation.

3.  The trial court erred in ordering six months in jail default time in lieu of payment of the fine in this case.

4.  The trial court erred in ordering the offender to report to jail within 24 hours of an unfavorable decision.

5.  In the alternative, should the review of the specific sentencing errors alleged be precluded for the failure of trial counsel to file a Motion to Reconsider the Sentence on those specific grounds, the failure to do so was ineffective assistance of counsel.


**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are several errors patent regarding the sentence.

The minutes of sentencing provide as follows:

Accused is to pay a fine of 500.00. Accused is to pay Court Cost of 334.50. Default 6 months parish jail. Court sentenced accused to be committed to the Louisiana Department of Corrections. Accused to serve 002 Year(s). Sentence is to be served at Hard Labor. Jail Term suspended. Accused placed on Supervised probation through the Probation & Parole Board 002 Year(s) under article 895[.] Accused sentence[d] to Rapides Parish Prison to serve 90 Day(s) Subject to Work Release. Credit for time served. Special Conditions are: Restitution 2304.26. No CDS, alcohol, bars, lounges, or casinos. Court orders Final Reimbursement to Public Defender Office in the amount of 250.00. Refrain from criminal conduct. Pay $60.00 per month supervision fee. Random drug testing. Curfew from 10 PM to 6 AM. Curfew is except as required for work. Restitution is to be paid to Tanisha Williams in the amount of $200 per month effective June 1st 2012. No contact with Tanish Williams by defendant, defendant's family nor 3rd parties. The defendant is not to go in or on the parking lot of Wal-Mart on 28 West. Fine and Cost is [sic] due December 28th 2012.

The transcript of the sentencing provides as follows:

I'm going to order that you serve two years of hard labor with the Department of Corrections. You're to pay a fine of $500 plus cost; $500 plus cost is $839.50. We'll come back to the due date. The default is six months. The two years is suspended and you're placed on two years supervised probation with the Louisiana Department of

2

Probation and Parole with the following special conditions: You're to refrain from criminal conduct. You're to abide by the general conditions of probation under Article 895. That will be explained to you by your probation officer. You're to pay $60.00 a month to your probation officer as a probation supervision fee. You're to submit to drug testing, you're to abide by a curfew 10 p.m. until 6 a.m., except for work. You're not to consume an alcoholic beverage, or a controlled dangerous substance. You're not to enter a bar or lounge or casino. You're to serve 90 days in the parish prison. You're entitled to credit for time served, and that will be subject to work release. You're to reimburse the Office of the Public Defender $250.00. You're to pay that amount directly to the Public Defender's Office. You're to make restitution in the amount of $2,309.26 to Tanisha, T-A-N-I-S-H-A Williams, W-I-L-L-I-A-M-S. And you're to pay that monthly in the amount of $200 per month and that will be when you get out of jail; $200 a month, effective June the 1st, June 1, 2012. If you can start paying it before then, that's good. If you can get it paid off, that's good too. You're not to have any contact with Tanisha Williams, you, your family or any third parties. You're not to go to the parking lot or inside the store of Wal-mart on Highway 28 West, where Ms. Williams lives [sic];

. . . .

THE COURT:

After you pay the $2,304.00 to Ms. Williams, when can you pay the $839.50?

. . . .

THE COURT:

All right. That would be December 28th, December 28th 2012, needs to be paid in full.

The trial court imposed an illegally excessive sentence. The maximum sentence for a conviction of criminal damage to property when the damage is $500.00 to $50,000.00 is two years at hard labor. The trial court imposed two years at hard labor, suspended, and an additional ninety days in the parish jail as a condition of probation. In *State v. Diaz*, 615 So.2d 1336, 1337 (La.1993), the court held that the trial court "may not impose a suspended sentence and require the defendant to spend additional time in jail as a condition of probation if the

overall effect of the sentence is to expose the defendant to a greater term of imprisonment than provided by the statute he violated," citing *State v. Wagner*, 410 So.2d 1089 (La.1982), *State v. Holmes*, 497 So.2d 5 (La.App. 4 Cir. 1986), and *State v. Jones*, 477 So.2d 914 (La.App. 4 Cir. 1985). The remedy for this error is to vacate the sentence and remand for resentencing. *Diaz*, 615 So.2d 1336.

The trial court erred in ordering the fine and costs to be paid within a year. The fine and costs were ordered to be paid as part of the principal sentence. Louisiana Code of Criminal Procedure Article 888 provides that "Costs and any fine imposed shall be payable immediately[.]" Generally, the remedy for this error is to amend the sentence and delete the illegal provision. As we are vacating the sentence, there is no need to amend the sentence, and the trial court can address this error on remand.

The trial court failed to order a payment plan for the $250.00 payment to the Public Defender's Office. In *State v. Wagner,* 07-127, pp. 7-8 (La.App. 3 Cir. 11/5/08), 996 So.2d 1203, 1208, this court held in pertinent part:

> When the fines and costs are imposed as a condition of probation, but the trial court is silent as to the mode of payment or the trial court attempts to establish a payment plan, this court has required a specific payment plan be established. *See State v. Theriot*, 04-897 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016 (fine, court costs, and cost of prosecution); *State v. Fuslier*, 07-572 (La.App. 3 Cir. 10/31/07), 970 So.2d 83 (fine and costs); *State v. Console*, 07-1422 (La.App. 3 Cir. 4/30/08), 981 So.2d 875 (fine and court costs).
>
> We view this procedure as no different from payment plans for *restitution*. *See State v. Dean*, 99-475 (La.App. 3 Cir. 11/3/99), 748 So.2d 57, *writ denied*, 99-3413 (La.5/26/00), 762 So.2d 1101 (restitution only), *State v. Reynolds*, 99-1847 (La.App. 3 Cir. 6/7/00), 772 So.2d 128 (restitution, fine, and costs), *State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597 (restitution, fine, court costs, and reimbursement to Indigent Defender Board), and *State v. Fontenot*, 01-540 (La.App. 3 Cir. 11/7/01), 799 So.2d 1255 (restitution, court costs and payments to victim's fund, Indigent Defender Board, and District Attorney).

4

We, therefore, remand this case to the trial court for establishment of a payment plan for the fine, noting that the plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court. *See Stevens*, 949 So.2d 597.

Similarly, the trial court's ordering the payment to the crime lab fund during the period of probation is an insufficient payment plan. We also remand the case to the trial court for establishment of a payment plan for these costs, noting that the plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court. *See Stevens*, 949 So.2d 597.

Generally, the remedy for this error would be to remand to the trial court for imposition of a payment plan by the trial court or by Probation and Parole with the approval by the trial court. Since the sentence is being vacated, however, the trial court can address this at resentencing.

As a result of the illegality, the defendant's sentence is vacated and the matter remanded to the trial court for resentencing in accordance with this opinion.

## ASSIGNMENTS OF ERROR ONE THROUGH FIVE

As a result of the errors patent identified herein, the defendant's assignments of error, which all relate to the sentence imposed by the trial court, are moot in light of this court's decision to vacate the defendant's sentence.

## CONCLUSION

The defendant's sentence is vacated and the case remanded to the trial court for resentencing in accordance with this opinion.

**SENTENCE VACATED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.