NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-507

STATE OF LOUISIANA

VERSUS

CALVIN EVAN ANDERSON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 8143-16
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Charles G. Fitzgerald, and Wilbur L. Stiles, Judges.

CONVICTION AFFIRMED.
SENTENCE VACATED.
REMANDED WITH INSTRUCTIONS.

Paula Corley Marx
Louisiana Appellate Project
P. O. Box 82389
Lafayette, LA 70598-2389
(337) 991-9757
COUNSEL FOR DEFENDANT-APPELLANT:
    Calvin Evan Anderson

**Stephen C. Dwight**
**District Attorney – Fourteenth Judicial District**
**John E. Turner**
**Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    **State of Louisiana**

**PICKETT, Chief Judge.**

## FACTS

The defendant, Calvin Evans Anderson, appeals the sentence imposed following his guilty plea on one count of possession of CDS-IV – Alprazalom, in violation of La.R.S. 40:969(C).

The following factual basis was set forth at the defendant's guilty plea:

> Your Honor, if called to trial the State would show that on August 10, 2015, law enforcement was dispatched to Tan Terra Circle in Lake Charles, Louisiana, in reference to a single-vehicle car crash. Upon arrival they located the driver identified as Calvin Evans Anderson in a resident's driveway. He was instructed to walk towards the officer and the officer noticed that he had - - that he was unsteady on his feet while walking with glossy eyes and slurred speech.

> Your Honor, after the field sobriety test was conducted Mr. Anderson was arrested. A vehicle-inventory search for valuables revealed - - two medicine bottles were located in the vehicle, one containing seven Alprazolam, and this all occurred within Calcasieu Parish.

On March 28, 2016, the defendant was charged by bill of information with one count of possession of alprazolam, a violation of La.R.S. 40:969(C); one count of possession with the intent to distribute marijuana, a violation of La.R.S. 40:966(A)(1); and one count of illegal possession of a firearm during the sale of a controlled dangerous substance, a violation of La.R.S. 14:95(E). On October 24, 2022, the defendant entered a guilty plea to one count of possession of alprazolam as well other unrelated charges. The other counts charged in the current bill of information were nolle prossed. That same day, the trial court sentenced the defendant to five years in the Department of Corrections. The trial court suspended the sentence and placed the defendant on supervised probation for three years, with the following special conditions: serve 100 days in the parish jail, pay a $60.00 per month supervision fee, pay $11.00 per month to the Sex Offender Registry Technology Fund, and perform thirty days (eight hours each day) of court

approved community service activities. On January 23, 2023, the trial court denied the defendant's motion to reconsider sentence.

On February 23, 2023, the trial court granted the defendant's motion for appeal. In his brief to this court, the defendant alleges two assignments of error regarding the sentence imposed. As the errors assigned by the defendant attack the excessiveness of the sentence imposed, the defendant's assignments of error are pretermitted by the errors patent discussed herein.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are two errors patent involving the sentence imposed.

Initially, we find the trial court imposed an illegally excessive sentence. The maximum sentence for a conviction of possession of alprazolam (schedule 1V) is five years with or without hard labor and a fine of not more than $5,000.00. La.R.S. 40:969(C)(2). The trial court imposed five years at hard labor, suspended, and placed the defendant on three years of supervised probation. As a condition of probation, the trial court ordered the defendant to serve 100 days in the parish jail. Thus, under the terms of his sentence, the defendant is exposed to a term of imprisonment that exceeds the maximum allowed under the statute. In *State v. Diaz*, 615 So.2d 1336, 1337 (La.1993), the court held:

> The district court may not impose a suspended sentence and require the defendant to spend additional time in jail as a condition of probation if the overall effect of the sentence is to expose the defendant to a greater term of imprisonment than provided by the statute he violated. *State v. Wagner*, 410 So.2d 1089 (La.1982); *State v. Holmes*, 497 So.2d 5 (La.App. 4th Cir.1986); *State v. Jones*, 477 So.2d 914 (La.App. 4th Cir.1985). On resentencing, the district court should specify that in the event of revocation of probation, defendant's time spent in jail as a condition of probation and the term of imprisonment imposed because of the revocation shall not exceed

2

the five-year maximum sentence for violation of La.Rev.Stat. 14:34.1.

*See also State v. McMillan*, 02-181 (La.App. 3 Cir. 6/12/02), 819 So.2d 503. Likewise, we vacate the sentence imposed by the trial court and remand for resentencing in accordance with this court's opinion.

Additionally, there is an error patent involving the trial court's failure to comply with newly enacted La.Code Crim.P. art. 875.1. The trial court ordered the defendant to pay $60.00 per month as a probation supervision fee and $11.00 per month to the Sex Offender Registry Technology Fund. The trial court, however, did not hold a hearing as required by newly enacted La.Code Crim.P. art. 875.1. Effective August 1, 2022, prior to the defendant's sentencing on October 24, 2022, La.Code Crim.P. art. 875.1 required the following, in pertinent part:

> [P]rior to ordering the imposition or enforcement of any financial obligations as defined by this Article, the court shall conduct a hearing to determine whether payment in full of the aggregate amount of all the financial obligations to be imposed upon the defendant would cause substantial financial hardship to the defendant or his dependents.

> This court recently addressed this type of error as follows:

> Paragraphs B and G of 875.1 make it clear that the article applies to *any* fine, fee, cost, restitution, or other monetary obligation imposed as part of a criminal sentence or as a condition of parole or probation in a felony case. If the court determines that a substantial financial hardship would be created on either the defendant or his dependents, it can waive all or any portion of the obligation (we note that the victim must consent when restitution is involved) and order a monthly payment plan, half of which must be distributed toward a restitution obligation, if such were imposed. No such hearing was conducted in the present case. Since we are vacating both sentences in this case and remanding the matters for resentencing, we instruct the trial court to comply with the provisions of La.Code Crim.P. art. 875.1 should any financial obligations be imposed upon Defendant at her resentencing.

*State v. Portalis*, 23-395, p. 10 (La.App. 3 Cir. 12/6/23), ___ So.3d ___ (2023 WL 8441312).

Upon resentencing in the present case, the trial court is instructed to comply with the provisions of Article 875.1 should any financial obligations be imposed upon the defendant at his resentencing.

## CONCLUSION

The defendant's conviction is affirmed. The defendant's sentence is vacated and the case remanded for resentencing in accordance with this court's opinion. The trial court is instructed to comply with the provisions of Article 875.1 should any financial obligations be imposed upon the defendant at his resentencing.

**CONVICTION AFFIRMED.**
**SENTENCE VACATED.**
**REMANDED FOR RESENTENCING.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.