# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**07-229**
**consolidated with 07-230, 07-231, 07-232,**
**07-233, 07-234, 07-235, 07-236, 07-237, and 07-238**

STATE OF LOUISIANA

VERSUS

FAY PEREZ, III

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF VERMILION, NO. 41543,
HONORABLE BYRON HEBERT, DISTRICT JUDGE

************

**MICHAEL G. SULLIVAN**
**JUDGE**

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Michael G. Sullivan, Judges.

**REMANDED WITH INSTRUCTIONS.**

**Michael Harson**
**District Attorney**
**Ted L. Ayo**
**Assistant District Attorney**
**Post Office Box 175**
**Abbeville, Louisiana 70511-0175**
**(337) 898-4320**
**Counsel for:**
**State of Louisiana**

**Mark O. Foster**
**Louisiana Appellate Project**
**Post Office Box 2057**
**Natchitoches, Louisiana 71457-2057**
**(318) 572-5693**
**Counsel for Defendant/Appellant:**
**Fay V. Perez, III**

SULLIVAN, Judge.

This matter is before us again after remand to the trial court for an evidentiary hearing on the terms of a plea agreement, which required Defendant to pay restitution to victims of criminal offenses that he committed but to which he did not plead guilty.

### *Background and Discussion*

Our original opinion set forth the background and facts of this matter as follows:

> Defendant, Fay V. Perez, III, originally faced over sixty counts of aggravated criminal damage to property, violations of La.R.S. 14:55. Pursuant to a plea agreement, Defendant pleaded guilty to ten counts, and the State moved to dismiss the remaining counts. In accordance with *State v. Crosby*, 338 So.2d 584 (La.1976), Defendant reserved his right to appeal the issue of payment of restitution to the victims' insurance companies, should that condition be made part of his sentence.

> Defendant was subsequently sentenced in docket number 41543 to five years at hard labor, suspended. The trial court ordered that Defendant be placed on supervised probation for five years, with the condition that he perform 150 hours of community service per year for five years. This condition applied to only this sentence. In accordance with the plea agreement, Defendant was further ordered to make restitution at the rate of not less than $181.35 per month for 119 months, which was an aggregate amount covering all the victims, including those in the dismissed charges. This condition of probation was imposed for all ten sentences.

> In docket number 41544, Defendant was sentenced to five years at hard labor, suspended, with Defendant being placed on supervised probation for five years, to run consecutively to the sentence imposed in docket number 41543.

> In docket number 41545, Defendant was sentenced to serve five years at hard labor, suspended, with Defendant being placed on five years of supervised probation, to run concurrently with the sentence imposed in 41544, but consecutively to 41543, and with the same conditions imposed in 41543. On each of the remaining docket numbers, 41547, 41548, 41549, 41550, 41551, 41552 and 41553, the trial court imposed a five-year sentence at hard labor, suspended, with Defendant being placed on supervised probation for five years, to run concurrently with docket number 41544. The trial court also imposed general conditions of probation.

> . . . .

**Facts**

Because Defendant entered a guilty plea, the facts are taken from the transcript of that proceeding. According to the transcript, during the months of November and December of 2003, and January of 2004, Defendant threw rocks or concrete at the victims' properties, when it was foreseeable that human life might be endangered.

*State v. Perez*, 06-436, pp. 1-2 (La.App. 3 Cir. 9/27/06), 939 So.2d 733, 734-35. (Footnotes omitted).

Defendant appealed his sentences, claiming that he should not have been ordered to pay restitution to insurance companies whose insureds were victims of his criminal actions because the insurance companies are not "victims" for purposes of La.Code Crim.P. art. 895.1. This assigned error was not addressed when this matter was previously before this court because requiring a defendant to pay restitution to victims of cases that were dismissed is patently erroneous, and we *vacated* that provision of the plea agreement. *Perez*, 939 So.2d 733.

Noting that the general rules of contract law are usually considered in determining the validity of a plea agreement, we vacated "the condition of probation requiring Defendant to pay restitution for the aggregate damages suffered by all victims and . . . remand[ed] the case for an evidentiary hearing to determine the nature of the plea agreement and whether the entire agreement is invalidated by the vacation of the restitution to victims of the offenses to which Defendant did not plead guilty." *Id.* at 736.

On remand, the trial court held an evidentiary hearing as ordered but failed to determine whether the plea agreement was invalidated. During the hearing, the State indicated that its intent with regard to the plea agreement was for Defendant to "make full restitution . . . in all cases where he was the defendant." Defendant

2

acknowledged that he agreed to "pay full restitution to all individuals in those cases that were dismissed" in exchange for not being made to plead guilty to all cases pending against him.

Defendant has again appealed claiming, as he did in his original appeal, that the trial court erred in ordering him to pay the victims' insurance companies as part of his restitution.

### *Errors Patent*

The transcript of the evidentiary hearing establishes that the State's consent to Defendant's plea agreement was predicated on his making restitution to *all* of his victims, including victims whose cases were dismissed, and that Defendant's consent to the plea agreement was predicated on his not having to plead guilty to all cases in which he was charged. In our previous opinion, we observed that invalidation of the restitution order imposed on Defendant may invalidate the State's consent to his plea agreement if the State's consent was predicated upon Defendant's agreement to pay restitution to victims of all cases pending against him.

Restitution to all victims of Defendant's criminal actions was central to the State's agreement to Defendant's plea. However, requiring restitution to victims of dismissed cases is patently erroneous; therefore, we again remand the matter for the trial court to determine whether the invalidation of the restitution order invalidated the State's agreement to Defendant's plea.

### *Restitution to Insurers*

We did not previously address Defendant's assignment of error that the trial court's order for him to pay restitution to the insurers of Defendant's victims whose damages had been paid by their insurers because we vacated a portion of his sentence.

3

Defendant urged this error during the evidentiary hearing on remand and again in this appeal. Normally, we would pretermit consideration of this assignment of error, as we did previously; however, we will address it in the interest of judicial efficiency.

Louisiana Code of Criminal Procedure Article 883.2 requires restitution to a victim as part of a defendant's sentence when there is "an actual pecuniary loss to [the] victim." Additionally, La.Code Crim.P. art. 895(7) provides for "reasonable reparation or restitution to the aggrieved party for damage or loss" as a condition of probation, and La.Code Crim.P. art. 895.1 provides for "the payment of restitution in cases where the victim or his family has suffered *any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense*." (Emphasis added). In *State v. Diaz*, 615 So.2d 1336, 1337 (La.1993), the supreme court addressed the payment of restitution, stating:

> La.Code Crim.Proc. art. 895.1 A authorizes the court, when the victim has suffered any "monetary loss or medical expense," to order payment of restitution "in a reasonable sum not to exceed the actual *pecuniary* loss to the victim." (emphasis added). La.Code Crim.Proc. art. 895.1 B further authorizes the court to order payment "to the victim to compensate him for his loss and inconvenience," which amount may be in addition to the amounts ordered under Article 895.1 A. These articles focus primarily on restitution for pecuniary losses caused by the criminal activity and not on providing criminal sanctions to enforce collection of civil damages (including non-pecuniary damages). On resentencing the judge should determine a specific (or determinable) reasonable amount of restitution, and should order payment "either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant." La.Code Crim.Proc. art. 895.1 A.

In *State v. Devare*, 03-610, p. 6 (La.App. 5 Cir. 10/28/03), 860 So.2d 191, 195, the trial court's restitution order was vacated "because the caselaw and LSA-C.Cr.P. art. 895.1 indicate that restitution may be ordered only to compensate the victim, not the victim's insurance company." For these reasons, Defendant should be ordered to pay restitution to his victims only.

4

***Disposition***

This matter is remanded to the trial court for another evidentiary hearing to determine whether the State's agreement to Defendant's plea was invalidated by vacation of the restitution to victims whose cases were dismissed. If the trial court imposes restitution as a condition of probation, it is instructed not to order restitution to a victim's insurer and to establish a determinate, specified payment plan for all fees and restitution amounts.

**REMANDED WITH INSTRUCTIONS.**