SUSAN M. CHEHARDY, Judge.
 

 12Gerald Green appeals the trial court’s order that he pay restitution to an insurance company for his theft from his former employer. We affirm the sentence in part, vacate it in part, and remand for resen-tencing.
 

 On April 8, 2008, the Jefferson Parish District Attorney filed a bill of information charging Gerald Green with violation of La. R.S. 14:67 by theft of $25,000 in United States currency from Fitness Expo between December 1, 2006 and May 15, 2007.
 
 [1]
 
 Defendant pleaded not guilty at arraignment.
 

 
 *1107
 
 On June 5, 2008 Defendant withdrew his not guilty plea, waived his rights, and entered a plea of guilty. The State advised the court that the parties were admitting the theft was over $500.00, the theft charge was valued at approximately $25,000, and defense counsel had asked for restitution to be established. The prosecutor stated he would have to check with the victim to determine the exact amount of restitution.
 

 |sIn beginning the plea colloquy, the trial court stated to Defendant, “I understand, sir, you wish to plead guilty to theft in excess of $25,000.” Defendant replied, “Yes, sir.” The court advised Defendant of the sentencing range for the offense, and of the rights he would be waiving by his guilty plea.
 

 The court then told Defendant his sentence would be two years in the Department of Corrections, suspended, and five years of active probation. In addition, the court informed Defendant, “You will also be required to make restitution roughly in the amount of $25,000 and we will have a restitution hearing for you, but if you make restitution and two years have passed I will terminate your probation after two years.” Defendant responded, “Yes, sir.”
 

 After inquiry into Defendant’s understanding of other rights affected by the plea, the court found a factual basis for the plea and accepted the plea as having been “knowingly, intelligently, freely, and voluntarily made.”
 

 Defendant waived all delays and was sentenced to two years in the Department of Corrections, suspended, and five years of active probation. The court directed Defendant to comply with the conditions of probation as outlined on the Conditions of Probation — Felony form Defendant had signed, “which will include but not be limited to a fíne, various fees, and court costs.” The court set a restitution hearing for a subsequent date.
 

 The “Conditions of Probation — Felony” form states in pertinent part, “It is the order of the court that you shall comply with the following conditions of probation: ... 8. Make restitution to the aggrieved party for damage or loss, if any, caused by your offense(s) in an amount determined by the court, as follows: 7/24/08.”
 
 [2]
 

 At the restitution hearing, Rod Rice, Sr. of Fitness Expo, Inc. testified he contacted the Jefferson Parish Sheriffs Office to report a theft by one of his |4employees, Gerald Green. Rice testified that his insurer, Zurich American Insurance Company, compensated him for the theft in two payments, one for $27,935.00 and the other for $6,304.51, totaling $34,239.41. He was not compensated for his deductible of $1,000.00, however. The prosecutor asked, “So, your only loss at this time is $1,000.00 attributed to the defendant?” and Rice re
 
 *1108
 
 sponded, “That we know of, yes, sir.” Rice acknowledged he had been paid in full by Zurich “on everything that we’ve filed with them.... ”
 

 Rice testified further he assigned all Fitness Expo’s rights to Zurich American Insurance Company in an “Amended Release and Assignment” agreement signed on January 5, 2009.
 

 The State submitted State Exhibit 1, copies of two checks issued to Fitness Expo by Zurich American Insurance Company, in the amounts of $27,935.00 and $6,304.51, identified by Rice; State’s Exhibit 2, the Amended Release and Assignment, signed by Rice and identified by him at the hearing; and State’s Exhibit 3, a copy of the affidavit and arrest warrant, by stipulation with defense counsel. The exhibits were admitted and defense counsel stated, “No objections, Your Honor, and also to the stipulation we agreed to.”
 
 [3]
 

 The court ordered Defendant to pay Zurich Insurance Company $26,935.00 and Fitness Expo $1,000.00. The defense objected on the ground that Zurich Insurance Company was not the victim and had not made a claim. The judge overruled the objection by advising defense counsel to “take a writ,” stating, “[W]e have the release in here. The release subrogates Zurich ... for the victim.”
 

 Defendant takes this timely appeal.
 

 \ "ASSIGNMENT OF ERROR NUMBER ONE
 

 On appeal Defendant contends the district court erred in ordering him to pay restitution to Zurich American Insurance Company because the insurance company was not the actual victim of the theft and it did not formally request reimbursement in a separate subrogation action.
 

 Prior to reaching the merits, we address an issue raised by the State. The State asserts the record is insufficient to determine whether the trial court erred, because Defendant failed to designate the guilty plea transcript of June 5, 2008, as part of the appellate record. (Defendant requested that only the transcript of the January 8, 2009 restitution hearing be included in the record on appeal.) The State contends Defendant has failed to demonstrate he is entitled to relief.
 

 After the record was lodged, however, on our own motion this Court ordered the record supplemented with the June 5, 2008 sentencing transcript. Because we ordered the record supplemented and the transcript of the sentencing is now before us for review, the State’s argument does not apply.
 

 As to the merits, Defendant asserts that the trial court erred in ordering him to pay restitution to the insurance company, and in ordering him to pay the victim a $1,000.00 out-of-pocket deductible when the victim had already been paid an amount greater than the amount stated in the bill of information. Defendant argues he should not have to pay Fitness Expo the $1,000 deductible because it would be “double dipping” by the victim, which De
 
 *1109
 
 fendant says “appears to have reported to their insurance company more than the actual amount of theft.”
 

 The State contends that the category of victims a defendant may be ordered to compensate as a term of his plea agreement was broadened by a 2007 amendment to La. C. Cr. P. art. 883.2, so that the trial court did not err in ordering Defendant to pay Zurich Insurance Company $26,935.00.
 

 |fiThe State further argues the trial court did not err in ordering Defendant to pay Fitness Expo its $1,000 deductible. The State asserts the total amount paid by the insurance company excluded the deductible, so that the $1,000 deductible was an unreimbursed pecuniary loss sustained by Fitness Expo.
 

 “When the court places a defendant on probation ... it may impose any specific conditions reasonably related to his rehabilitation, including ... reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court.” La. C. Cr. P. art. 895(A)(7).
 

 When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in eases where the victim or his family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain.
 

 La. C. Cr. P. art. 895.1(A)(1).
 

 La. C. Cr. P. art. 883.2, as amended by Acts 2007, No. 22, § 1, states:
 

 A. In all cases in which the court finds an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose.
 

 B. Additionally, if the defendant agrees as a term of a plea agreement, the court shall order the defendant to provide restitution to other victims of the defendant’s criminal conduct, although those persons are not the victim of the criminal charge to which the defendant pleads. Such restitution to other persons may be ordered pursuant to Article 895 or 895.1 or any other provision of law permitting or requiring restitution to victims. [Emphasis added].
 
 [4]
 

 Pursuant to the 2007 amendments to La. C. Cr. P. art. 883.2, therefore, a defendant can agree to provide restitution to “other victims,” as part of a plea |7agreement, although the “other victims” are not part of the criminal charge to which the defendant pleaded guilty.
 

 The issue of restitution to other victims has not been presented to this Court since the 2007 amendments to La. C. Cr. P. art. 883.2 were enacted.
 
 [5]
 
 Other appellate courts have addressed it, however.
 

 
 *1110
 
 In
 
 State v. Perez,
 
 06-436, pp. 2-3 (La. App. 3 Cir. 9/27/06), 939 So.2d 733, 735 (hereafter “Perez I”), the defendant pleaded guilty pursuant to
 
 State v. Crosby,
 

 [6]
 

 reserving his right to appeal the issue of payment of restitution to the victims’ insurance companies if that condition were made part of his sentence. On appeal the court noticed that the defendant had agreed to the terms of a plea agreement in which the trial court imposed restitution to victims of offenses to which the defendant had not pleaded guilty. The court of appeal vacated the condition as a patent error.
 

 Because the specific terms of the plea agreement were not clear from the record, the court remanded the case for an eviden-tiary hearing to determine the specific elements of the plea agreement and whether the entire plea agreement was invalidated by the vacation of the restitution to victims of the offenses to which the defendant did not plead guilty.
 
 Perez I, 06-4,36
 
 at 3—4, 939 So.2d at 736. The court pretermitted the defendant’s claim that the trial court erred in ordering him to pay restitution to the victims’ insurance companies as part of his plea agreement.
 
 Perez I,
 
 06-436 at 4, 939 So.2d at 736.
 

 On appeal following the remand, the defendant claimed the trial court erred in ordering him to pay restitution to the victims’ insurers for damages paid to the victim.
 
 State v. Perez,
 
 07-229, p. 1 (La. App. 3 Cir. 10/3/07), 966 So.2d 813, 813-14 (hereafter “Perez II”). The court of appeal noted that the trial court failed to determine whether the entire plea was invalidated. The appellate court pointed out, however, that during the hearing the State indicated it intended that the defendant make full restitution in all cases in which he was the defendant.
 
 Perez II,
 
 07-229 at 2, 966 So.2d at 815. In addition, the defendant acknowledged he agreed to pay full restitution to all individuals in the cases that were dismissed as part of the plea agreement.
 
 Perez II,
 
 07-229 at 2-3, 966 So.2d at 815.
 

 The appellate court found that, while the plea agreement with the State was predicated on the defendant’s restitution to all victims, requiring restitution to the victims of the dismissed cases was patently erroneous. Therefore, the appellate court again remanded the matter for the trial court to determine whether the invalidation of the restitution order invalidated the plea agreement.
 
 Perez II,
 
 07-229 at 3, 966 So.2d at 815. In addition, the appellate court instructed the trial court not to order restitution to the victim’s insurer if it imposed restitution as a condition of probation.
 
 Perez II,
 
 07-229 at 5, 966 So.2d at 816.
 

 In
 
 State v. Smith,
 
 08-1030 (La.App. 3 Cir. 3/4/09), 6 So.3d 309, the defendant pleaded guilty and agreed to make restitution to one of the victims. The trial court ordered the State to verify the amount of restitution owed to the victim and to ensure that defense counsel was in agreement with the amount.
 
 Smith,
 
 08-1030 at 1, 6 So.3d at 310. At sentencing, the defendant was ordered to make restitution of $1,250.00 to the victim and $781.56 to the victim’s insurance company for the amount paid to the victim.
 
 Smith,
 
 08-1030 at 1, 6 So.3d at 311.
 
 [7]
 
 The defendant filed a motion to reconsider sentence, which was denied without reasons.
 
 Smith,
 
 08-1030 at 2, 6 So.3d at 311.
 

 
 *1111
 
 On appeal, the defendant claimed the trial court erred in ordering him to pay restitution to the insurance company for the amount it paid to the insured victim.
 
 USmith,
 
 08-1030 at 6, 6 So.3d at 313. The appellate court found that no evidence or caselaw was provided to show whether an insurance company is a victim and whether an insurance company can or should be considered a victim of criminal conduct.
 
 Smith,
 
 08-1030 at 8, 6 So.3d at 315. The appellate court affirmed the defendant’s sentences for theft over $500.00, but vacated the probationary condition ordering restitution to the insurance company as a special condition of probation.
 
 Smith,
 
 08-1030 at 8, 6 So.3d at 315.
 

 In the present case, the defendant agreed to pay restitution of approximately $25,000 to the “aggrieved party” for damage or loss to be determined by the court on a later date. In order for the trial court to order Defendant to provide restitution to “other victims” of the defendant’s criminal conduct pursuant to La. C. Cr. P. art. 883.2(B), Defendant would have had to agree to the term as part of his plea agreement. Nothing in the transcript of the plea colloquy, the documents signed in connection therewith, or the commitment, indicates such an agreement.
 

 Accordingly, we conclude the trial court erred in ordering Defendant to pay restitution to the insurance company. The condition requiring payment to the insurance company must be vacated because the record does not contain a specific agreement by Defendant as a condition of his plea agreement to pay restitution to “other victims of the defendant’s criminal conduct, although those persons are not the victim of the criminal charge to which the defendant” has pleaded. La. C. Cr. P. art. 883.2(B).
 

 Regarding Defendant’s other contention, we find no merit to the claim that restitution to Fitness Expo for its $1,000 deductible would be “double dipping,” because Rice testified Fitness Expo was not compensated by Zurich American Insurance Company for its $1,000 deductible. The $1,000.00 was “an actual pecuniary loss” to the victim and restitution for that amount is appropriate under La. C. Cr. P. art. 883.2(A).
 

 |
 
 TERROR PATENT DISCUSSION
 

 Pursuant to our standard procedure, we reviewed the record for patent errors, according to La. C. Cr. P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). Our review disclosed one patent error that requires action. Specifically, the sentence is indeterminate.
 

 La. C. Cr. P. art. 879 states, “If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence.” La. C. Cr. P. art. 895.1 provides, “The restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.” This Court has found a trial court’s failure to set a determinate payment schedule for restitution payments is patent error requiring that the sentence be vacated and the ease remanded for resentencing.
 
 State v. Echeverria,
 
 03-898 (La.App. 5 Cir. 11/25/03), 862 So.2d 163;
 
 State v. Berkeley,
 
 00-1900 (La.App. 5 Cir. 5/30/01), 788 So.2d 647,
 
 writ denied,
 
 01-1659 (La.4/26/02), 814 So.2d 549. Accordingly, we remand the case for resentencing relative to La. C. Cr. P. arts. 879 and 895.1.
 

 DECREE
 

 For these reasons, we affirm the sentence as to the award of restitution to Fitness Expo in the amount of $1,000.00. We vacate the sentence in all other re
 
 *1112
 
 spects and remand for resentencing as directed in the Error Patent Discussion, above.
 

 SENTENCE AFFIRMED IN PART AND VACATED IN PART; REMANDED.
 

 [1]
 

 . La. R.S. 14:67 provides, in pertinent part:
 

 A. Theft is the misappropriation or tak-
 

 
 *1107
 
 ing of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
 

 B. (1) Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
 

 [[Image here]]
 

 C. When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or taking shall determine the grade of the offense.
 

 [2]
 

 . The restitution hearing originally was set for July 24, 2008 ("7/24/08”), but was continued several times, and finally was held on January 8, 2009.
 

 [3]
 

 . We note a discrepancy between the payor listed on the checks and on the release form. The checks (Exhibit 1) were issued by Zurich American Insurance Company, while the Amended Release and Assignment (Exhibit 2) states that "Fidelity and Deposit Company of Maryland,” as issuer of a Commercial Crime Policy for loss caused by employee theft, made payments to the Insured (Fitness Expo) fer losses in the amounts of $28,935 and $6,304,51, subject to a $1,000 deductible, applied on the initial covered loss of $28,935.00. There is nothing in either the release document or the record to establish any connection between Fidelity and Zurich. As noted, however, the defense did not object to admission of State's Exhibit 2 and raised no issue regarding the name discrepancy.
 

 [4]
 

 . The 2007 amendment added Paragraph B to Article 883.2.
 

 [5]
 

 . Prior to the 2007 amendment, this Court found that the primary focus of restitution pursuant to La. C. Cr. P. art. 895.1 is restitution for "pecuniary losses caused by the criminal activity and not on providing criminal sanctions to enforce collection of civil damages.”
 
 State v. Devare,
 
 03-610, p. 5 (La.App. 5 Cir. 10/28/03), 860 So.2d 191, 194, citing
 
 State v. Diaz,
 
 615 So.2d 1336, 1337 (La.1993). We also found that case law and La. C. Cr. P. art. 895.1 both indicated that the trial court could only order restitution to compensate the victim, not the victim's insurance company.
 
 State v. Devare,
 
 03-610 at 6, 860 So.2d at 195.
 

 [6]
 

 .
 
 State v. Crosby,
 
 338 So.2d 584 (La. 1976).
 

 [7]
 

 . The defendant was also ordered to make restitution to six victims totaling $4,925.00 upon
 
 his
 
 release.
 
 State v. Smith,
 
 08-1030 at 1-2, 6 So.3d at 311.