' TERRI F. LOVE, Judge.
h Defendant Jaleesah V. Walker (“Ms. Walker”) appeals her sentence, ordering her to pay restitution for pleading guilty to five counts of simple burglary of an inhabited dwelling (La. R.S. 14:62.2) and two counts of simple criminal damage to property (La. R.S. 14:56(A)). Ms. Walker claims the trial court erred in imposing excessive sentences by ordering restitution to a victim’s insurance company, and by ordering an amount of restitution that exceeded the actual pecuniary loss Suffered by the victims.
We find the trial court abused its discretion in ordering Ms. Walker to pay restitution to the insurance company because it was not a victim of the crime pursuant to La.C.Cr.P. art. 895.1. Additionally, there is no evidence to demonstrate that Ms. Walker agreed as part of her plea agreement to pay restitution to “other victims” pursuant to La.C.Cr,P. art. 888.2(D). Conversely, we find the triaí court did not abuse its discretion in ordering Ms. Walker to pay restitution to the property owner victims as it considered the evidence presented, the fact that Ms. Walker knowingly and voluntarily pled guilty to all charges, and the amount 12was less than the actual pecuniary loss. Therefore, we reverse and vacate the trial court’s order of restitution payable to the insurance company and affirm the trial court’s order of restitution payable to the property owner victims. Accordingly, we affirm Ms. Walker’s pleas and sentences as amended.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Ms. Walker, along with co-defendant, Dale Plato (“Mr. Plato”) \ was charged by bill of information in March 2015, with five counts of simple burglary of an inhabited dwelling in New Orleans locatéd at: (1) 21 Tennyson Place, belonging to Charles Le-Blanc (“Mr. LeBlanc”); (2) 309 Maumus Avenue, belonging to Michael Patterson (“Mr. Patterson”); (3) 2101 St. Nick Drive, belonging to Soudleta Johnson (“Ms. Johnson”); (4) 3921 S. Inwood Avenue, belonging to Elaine Wells (“Ms. Wells”); and (5) 2601 Hyman Place, belonging to Lorenzo LaFargue (“Mr. LaFargue”). On that date, Ms. Walker and Mr. Plato were charged with two counts of simple criminal damage to an inhabited dwelling to: (1) Mr. LeBlanc, with the damage amounting to less than five hundred dollars; and (2) Ms. Johnson, with the damage amounting to less than five hundred dollars.
In May 2015, Ms. Walker entered a plea of guilty to- all counts. As- to the five counts of simple burglary, Ms. Walker was sentenced to six years imprisonment, one year executed, five years suspended, and five years active probation. For the two counts of simple criminal damage to an inhabited dwelling, Ms. Walker was sentenced to five years imprisonment, one year executed, and four |3years suspended. The trial court ordered the sentences to run concurrent with each other and with *816 credit for time served. As a condition of Ms. Walker’s probation, the trial court ordered Ms. Walker to enroll and attend college. The trial court assessed fines and fees, and set the matter for a restitution hearing for a later date.
The restitution hearing was held in July-15, 2015. There is no evidence in the record that Ms. Walker or Mr. Plato received proper notice of service of the scheduled restitution hearing. Mr. Plato did not appear at the hearing; however, Ms. Walker was present in court. ' Her defense counsel informed the court that Ms. Walker only learned of the scheduled hearing by word of mouth from her code-fendant, Mr. Plato. Therefore, she objected to the court proceeding based on the lack of proper notice of service. The trial court noted the defense objection but found Ms. Walker waived the issue by appearing in court.
According to the transcript of the restitution hearing, three of the five property owners were present (Mr. LaFargue, Ms. Johnson, and Mr. LeBlanc). The State called Mr. LaFargue as a witness to testify concerning the sustained damage to his property. Mr. LaFargue estimated the value of the damage and stolen property to be roughly $20,000. On cross-examination, Mr. LaFargue testified that soon after the burglary, he provided the police with a list of items he believed were stolen, including the costs and receipts for each, and subsequently provided the police with an addendum to the list. Mr. LaFargue testified that he submitted an Allstate insurance claim and received two checks totaling $11,471, which accounted for the value of the items stolen less the depreciated costs.
^Defense counsel called Ms. Johnson and Mr. LeBlanc as witnesses to testify concerning the sustained damage and stolen property. Like Mr. LaFargue, Ms. Johnson testified that at the time of the burglary, she provided the police with a list of items that had been stolen or damaged, which included a PlayStation, a flat screen television, and a jewelry box. Ms. Johnson testified that she had receipts for the PlayStation and television. She also testified that she had a photo of a damaged door, which she subsequently replaced with iron doors. However, Ms. Johnson did not have a receipt for the doors, but estimated the value to be approximately $800. According to Ms. Johnson’s testimony, the police had recovered some of the jewelry, which she identified, but, at the time of the hearing, had not recovered. Ms. Johnson did not file a claim for the stolen items with her insurance company because the total amount was insufficient to meet the deductible. As such, Ms. Johnson testified that she covered the damages out of pocket.
Mr. LeBlanc testified that at the time of the burglary, he provided the police with a list of items which he believed were stolen, which included a Dell laptop and jewelry box. Mr. LeBlanc also testified that one of his door frames was damaged. Mr. LeBlanc admitted that he could not provide actual costs for repairs to the door because he temporarily repaired the door on his own. However, Mr. LeBlanc estimated that the cost of repairs to the door would be approximately $500. Mr. Le-Blanc also testified that he did not have an actual price for the laptop, but provided a receipt from the school where the laptop was purchased, which was based upon his memory.
|RConcerning the stolen jewelry box, Mr. LeBlanc could not provide an actual value of the box and contents. Rather, he testified that it was of more sentimental value because the jewelry box was an antique given to him by his father. Mr. LeBlanc also testified that he had mementoes and a few coins contained in the box. Similar to *817 Ms. Johnson, Mr. LeBlanc testified that he did not file a. claim with his insurance company for the stolen items because the amount was insufficient to meet the deductible. ■
At the conclusion of the hearing, the trial court ordered that both defendants share responsibility of paying the set restitution as follows: (1) payment to Mr. La-Fargue in the amount of eight $8,529.00; (2) payment to Ms. Johnson in the amount of $2,600.00; (3) payment to Mr. LeBlanc in the amount of $2,100.00; and (4) payment to Allstate Insurance Company (“Allstate”) in the amount of $11,471.00 as reimbursement for its payment to Mr. La-Fargue. .The trial court later ordered that Ms. Walker be placed on a payment' plan under which she would be required to pay one hundred dollars ($100.00) per month towards the ordered restitution. Through counsel, Ms. Walker notified the trial court of her intent to seek supervisory review of the trial court’s ruling.
Defense counsel filed its writ application, 2015-K-0814,: on July 31, 2015. This Court granted the writ application and remanded the matter to the trial court to enter an order of appeal and set a return date. Ms. Walker’s timely appeal follows.
| «ERRORS PATENT
In response to Ms. Walker’s appeal, the State contends that Ms. Walker’s assignments of error may, not have been preserved for appeal because she failed to file a motion to reconsider the sentence to La.C.Cr.P. art. 881.1(E), which provides in pertinent part:
Failure to make or file a motion to reconsider sentence ... shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
A reading of the statute seemingly requires the defendant to file a motion to reconsider sentence in order to raise the claim of excessiveness of a sentence as an issue on appeal. However, this Court in State v. Laneheart, 12-1580, p. 9 (La.App. 4 Cir. 2/26/14), 135 So.3d 1221, 1228, writ denied, 14-0638 (La.10/24/14), 151 So.3d 601, held as an alternative to filing a motion to reconsider sentence, counsel for defendant may also make an objection to the sentence. Id. (the defendant conceded “his trial counsel failed to make an oral motion, file a written motion for reconsideration of sentence, or object to the sentence in any way”).
Thé restitution hearing transcript indicates that Ms. Walker’s defense counsel specifically noted her objection after the trial court ordered restitution to be paid. Therefore, defense counsel sufficiently preserved the assignments of error herein for review, and the State’s argument is without merit.
|7We also note in our review of the record in the instant matter, Ms. Walker’s signed guilty plea form is silent regarding whether restitution was a part of her plea agreement.[2] Ms. Walker’s May 2015 guilty plea colloquy is - also silent. Further, a review of the May 2015 transcript indicates there was no discussion on the record by the trial court, defense counsel, or the State regarding whether Ms. Walker agreed as a term of her plea agreement to pay restitution. The only discussion held on the record with respect to restitution was the selection of a date for the hearing. Similarly,'the.trial court made no mention *818 of restitution when sentencing Ms. Walker. Moreover, at the restitution hearing in July 2015, there is no evidence in the record or transcript demonstrating whether Ms. Walker agreed as a terra of her plea agreement to provide restitution. We note, however, neither Ms. Walker nor her defense counsel objected to the trial court proceeding with the restitution hearing.
On appeal, Ms. Walker does not challenge. the order of restitution in itself. She challenges the excessiveness of the amount the trial court ordered her to pay. A review of the record suggests that Ms. Walker does, not raise this error on. appeal because it was understood that a condition of her probation included the payment of restitution. We find any challenge Ms. Walker might have raised on the issue is deemed waived where she chose to proceed with the restitution hearing without objection and does not contest on appeal whether she‘agreed as a term of her plea agreement to provide restitution.

J¿STANDARD OF REVIEW

On appeal, Ms, Walker claims the trial court erred in imposing excessive sentences: (1) by ordering restitution to a victim’s insurance company; and (2) by ordering an amount of restitution that- exceeded the actual pecuniary loss suffered by the victims. Louisiana courts have held that “[a] trial court has vast discretion in sentencing decisions, including the ordering of restitution.” State v. Portie, 08-1580, p. 23 (La.App. 4 Cir. 9/16/09); 22 So.3d 213, 227. As such, “[an-appellate court] will not overturn the district court’s judgment absent an abuse of that discre tion.” State v. Smith, 11-0664, p. 23 (La. App. 4 Cir. 1/30/13), 108 So.3d 376, 390 (citing State v. Walker, 00-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462).
“Excessive sentences are prohibited under the Eighth Amendment of the Unites States Constitution and La. Const, art. I, § 20.” Smith, 11-0664, p. 23, 108 So.3d at 390. “A sentence may be constitutionally excessive even when the sentence falls within the range permitted by statute.” Id. (citing State v. Sepulvado, 367 So.2d 762, 769 (La.1979)). “For a sentence to be .found excessive, it must be ‘so grossly disproportionate to the crime committed, in light of the-harm caused to society, as to- shock our sense of-justice.’ ” Id. (citing State v. Cann, 471 So.2d 701, 703 (La.1985)), A-sentence is also unconstitutionally excessive when “it imposes punishment grosslydisproportionate to-the severity of the offense or constitutes nothing more than needless infliction of pain and suffering,” State v. Jarreau, 07-1052, p. 6 (La.App. 4 Cir. 3/26/08), 982 So.2d 876, 879 (citing State v. Bonanno, 384 So.2d 355, 357 (La.1980)).

RESTITUTION TO INSURANCE-COMPANY

-In her first assignment of error, Ms. Walker avers that the trial court erred in ordering restitution to Mr. LaFargue’s insurance company, Allstate, pursuant to La.C.Cr.P. art. 895.1(A)(1) because Allstate was not an actual victim of the burglary and criminal damage.
La.C.Cr.P. art. 895.1(A)(1) provides:
A. (1) When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or Ms, family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain. However, any additional or other damages sought by the victim and available under the law shall be pursued in an action sepa *819 rate from the establishment of the restitution order as a civil money judgment provided for in Subparagraph (2) of this Paragraph. The restitution payment shall be made, in. discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.
(emphasis added).
Ms. Walker asserts that as a condition of probation, when a: trial court orders restitution to be paid, the restitution is to be paid only in situations where a victim or his family has suffered a-direct loss of actual cash. Ms. .Walker also, cites to La. C.CrJP. art. 883.2(A) which provides:
In all cases in which the court finds an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose..
11 (Additionally, Ms. Walker relies upon a line of cases wherein Louisiana courts have held that a defendant cannot be ordered to pay restitution to insurers because they are not actual victims to crimes such as theft, burglary, and/or criminal damage to property. See Portie, 08-1580, p. 15, 22 So.3d at 222 (holding that the insurance company was not the victim of the crime pursuant to La.C.Cr.P. art. 895.1, but rather, was “merely fulfilling a contractual obligation to indemnify the insured for his loss”); State v. Green, 09-309, p. 9 (La. App. 5 Cir. 11/24/09), 28 So.3d 1105, 1119 (holding that the trial court erred in ordering the defendant to pay restitution to the insurance company because the record did not contain “any specific agreement by defendant as a condition of his plea agreement to pay restitution to ‘other victims of the defendant’s criminal conduct’” pursuant to La.C.Cr.P. art. 883.2(B)); State v. Smith, 08-1030 (La.App. 3 Cir. 3/4/09), 6 So.3d 309, 315 (relying on State v. Perez, 07-229, p. 4 (La.App, 3 Cir. 10/3/07), 966 So.2d 813, 816, wherein the Third Circuit held that pursuant to Article 895.1, the insurance company was not an actual victim of the crime, vacating the trial court’s order that the defendant was required to pay restitution to the insurance company).
The State concedes that Ms.. Walker’s argument has merit. The State argues, nonetheless, that a defendant could be required to pay restitution to individuals other than the victirn or her family pursuant fo La.C.Cr.P. art. 895(A)(7) and La.C.Cr.P, arts 883.2(B).
La.C.Cr.P. art. 895(A)(7) provides:
A. When the court places a defendant on probation, it shall require the defendant to refrain from criminal conduct and to pay a supervision fee to defray the costs of probation supervision, and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following. That the defendant shall:
⅜ ⅝ H»
ln(7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by . his offense in an amount to be determined by the court
(emphasis added).
In addition, La.C.Cr.P. art. 883.2(B) provides:
Additionally, if the defendant agrees as a term of a plea agreement, the court shall order the defendant to provide restitution to other victims of the defendant’s criminal conduct, although those persons are not the victim of the criminal charge to which the defendant pleads, Such restitution to other persons may be ordered pursuant to Article *820 895 or 895.1 of this Code or any other provision of law permitting or requiring restitution to victims.
(emphasis added).
The prosecution in Green, 09-309, p. 9, 28 So.3d at 1109, also relied upon La. C.Cr.P. art. 883.2(B) to argue that the trial court did not err in ordering the defendant to pay restitution to the insurance company. However the Fifth Circuit disagreed and reasoned:
In the present case, the defendant agreed to pay restitution of approximately $25,000 to the “aggrieved party” for damage or loss to be determined by the court on a later date. In order for the trial court to order Defendant to provide restitution to “other victims” of the defendant’s criminal conduct pursuant to La.C.Cr.P. art. 883.2(B), Defendant would have had to agree to the term as part of his plea agreement. Nothing in the transcript of the plea colloquy, the documents signed in connection therewith, or the commitment, indicates such an agreement.
Id., 09-309, p. 9, 28 So.3d at 1111 (emphasis added).
Like the Green court, we find that in order for the trial court to order Ms. Walker to pay restitution to “other victims” in accordance with La.C.Cr.P. art. 883.2(B), Ms. Walker would have had to agree to the term as part of her plea agreement. Ms. Walker’s guilty plea form is silent regarding the payment of restitution in general. The transcript of her guilty plea, entered on May 12, 2015, is also silent regarding Ms. Walker’s agreement to provide restitution. After entering | ,2her plea of guilty, there is no evidence that the trial court or defense counsel discussed institution, except to select a date for a hearing. Further, there is no evidence from the July 15, 2015 restitution hearing that prior to the trial court’s ruling the trial court or defense counsel discussed whether Ms. Walker agreed to provide restitution as part of her plea-agreement.
Given there is no evidence of Ms. Walker’s agreement to provide restitution in general as a term of her plea agreement, there is nothing in the guilty plea colloquy, the documents signed therewith, the minute entries, docket master, or the transcripts to indicate an agreement to provide restitution to “other victims” pursuant to La.C.Cr.P. art. 883.2(B). Applying the reasoning in Green, we find Allstate is not a victim in this case, nor did Ms. Walker agree to provide Allstate restitution as part of her plea agreement. See La. C.Cr.P, arts. 895.1(A) and 883.2(B). Therefore, we find the trial court abused its discretion in ordering Ms. Walker to pay restitution to Allstate in the amount of $11,471. The trial court’s order of restitution in the amount of $11,471 payable to Allstate is reversed and vacated.

RESTITUTION TO PROPERTY OWNER VICTIMS

11sMs. Walker’s second assignment of error contests the excessiveness of the restitution amount as unconstitutional and unreasonable.[3] Ms. Walker admits that the trial court is permitted to order payment of restitution as a condition of probation, which she received, but the amount exceeds the actual pecuniary loss to the property owner victims.
Ms. Walker relies on State in Interest of B.A., 12-659 (La.App. 3 Cir. 12/19/12), 104 So.3d 833, as support. The trial court in Interest of B.A., ordered the juvenile to *821 pay $5,805 in restitution for damage he caused to a middle school. At the restitution hearing, the middle school stated that the requested restitution was based on the purchase price of the stolen and damaged items, not their actual value at the time of the offense. Id., 12-659, p. 4,104 So.3d at 836. The Third Circuit found restitution in the amount of the purchase price was in excess of the pecuniary loss. Moreover, it found the amount was excessive in that the reasonableness of a restitution amount must consider the juveniles’ ability to pay, a factor the trial court failed to consider.
By contrast, in State in Interest of D.B., 13-1364, p. 10 (La.App. 3 Cir. 4/23/14), 137 So.3d 1282, 1288, writ denied, 14-1092 (La.1/9/15), 157 So.3d 596, the appellate court held the trial court did not abuse its discretion as the trial court ordered restitution in an amount less than the actual pecuniary loss. The Third Circuit also found the trial court had evidence before it to find the actual pecuniary loss was more than twice the amount in restitution. Id.
In this case, Mr. LaFargue, Ms. Johnson, and Mr. LeBlanc all testified that they provided police with lists of the items stolen and/or damaged by Ms. Walker’s actions and included some of their costs. ' At times, the victims could not provide the actual pecuniary value of some items or accounted for their depreciation. Mr. La-Fargiie testified that his total estimated loss was approximately $20,000. He also stated that Allstate paid him $11,471, which reflected the value of the stolen items less the depreciated costs. However, that amount did not include damage to his doors.
| uMs. Johnson testified that her flat screen TV was completely damaged. She also testified that one of her doors to her home was damaged and she was required to install iron doors as a result. With respect to her jewelry, Ms. Johnson stated that the police were able to recover some of her items but that they had little value. The main items not recovered were pearls and other jewelry she valued at $2,600. The trial court ultimately valued Ms. Johnson’s loss at $2,600, the alleged value of the pearls and other jewelry the police could not recover. The trial court did not order restitution for any of her recovered items, the damaged door, the iron door replacement, or the damaged flat screen television and PlayStation.
Mr. LeBlanc testified that he did not have an accurate value of the items stolen or damaged; however, he provided police with an itemized list, which included a damaged door and Dell laptop. He estimated the costs- of repairs to the door, which he did himself, was about $500, and although he did not have the actual price for the laptop, he provided a receipt .from the school where the laptop was purchased, which was based on his memory. Mr. LeBlanc also testified that with respect to the stolen jewelry box it was of “more sentimental value.” He stated it was an “antique jewelry box given to [him] by [his] father” that contained mementos, and coins. Mr. LeBlanc testified that he could not “really put a value on it, because [they were] very personal items.” The trial court ordered restitution to Mr. Le-Blanc in the amount of $2,100 for his losses.
The trial court listened to the testimony of each victim and considered: (1) the evidence presented including itemized lists of property stolen and/or damaged, receipts, and photographs; and (2) the fact that Ms. Walker knowingly and voluntarily entered a guilty plea to all charges. Given the trial court’s vast discretion in sentencing decisions, including the ordering of restitution, we find no [1Berror in the trial court’s ordering of restitution to the property owner victims. We find the trial *822 court ordered Ms. Walker to make a reasonable restitution to the victims in this 1 case,

DECREE

Considering there is an absence of evidence that Ms. Walker agreed as a term of her plea agreement to provide restitution to “other victims” pursuant to La.C.Cr.P, art. 883i2(B), we find the trial court abused its discretion in ordering Ms. Walker to pay restitution to Allstate. However, we find the trial court did not abuse its discretion in ordering Ms. Walker to pay restitution to the property owner victims. Therefore, we-reverse and vacate the trial court’s order of restitution payable to Allstate and affirm the trial court’s order of restitution payable to the property owner victims. Accordingly, we affirm the Ms. Walker’s plea and sentences as amended.

AFFIRMED AS AMENDED

. By contrast, Mr. Plato’s guilty plea form includes a handwritten notation, acknowledging the terms of his plea agreement and sentence. Included in the notation is reference to “restitution.”

. Ms. Walker asserts several arguments regarding the. excessiveness of the restitution order. In this- section, we address her arguments as one assignment of error.