NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-728

STATE OF LOUISIANA

VERSUS

DALTON BRYCE LOWE

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 93281
HONORABLE SCOTT WESTERCHIL, DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of John D. Saunders, Billy Howard Ezell, and Candyce G. Perret, Judges.

CONVICTIONS AND TERMS OF IMPRISONMENT AFFIRMED; RESTITUTION ORDERS VACATED AND REMANDED FOR RESENTENCING.

**Paula Corley Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, LA   70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Dalton Bryce Lowe**

**Asa A. Skinner**
**District Attorney**
**Terry W. Lambright**
**Assistant District Attorney**
**Post Office Box 1188**
**Leesville, LA   71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**PERRET, Judge.**

Defendant, Dalton Bryce Lowe, pled guilty to one count of aggravated burglary, a violation of La.R.S. 14:60, and one count of exploitation of the infirmed, a violation of La.R.S. 14:93.4, as part of a plea deal. He was sentenced to ten years at hard labor with credit for time served and ordered to pay restitution of $1,000.00 to Lessie Fowler, the aggravated burglary victim, and restitution of $4,021.00 to State Farm Insurance Company, Ms. Fowler's insurance company, for the aggravated burglary charge. As to the exploitation of the infirmed charge, Defendant was sentenced to five years at hard labor and ordered to pay $6,600.00 in restitution to Lisa Mace, the daughter of the victim, Carol Feldpausch. Defendant seeks review of the trial court's sentence, particularly the restitution amounts to State Farm and Ms. Mace. For the following reasons, we affirm the convictions and terms of imprisonment, vacate the restitution orders to State Farm and Ms. Mace, and remand for a determination of the restitution owed to Ms. Fowler. Additionally, the sentencing minutes need correcting.

**FACTUAL AND PROCEDURAL BACKGROUND:**

Between August 6, 2018, and August 15, 2018, Defendant broke a window and entered Ms. Fowler's home while she was on vacation, during which time Defendant stole Ms. Fowler's vehicle, several firearms, jewelry, two televisions, a Roomba, a laptop, a trombone and case, and several credit cards. Some of the stolen merchandise was ultimately recovered, either from the pawn shop where Defendant sold it or from his acquaintances.

Regarding the exploitation of the infirmed charge, the trial court noted Defendant dated Ms. Feldpausch's granddaughter. During that time, he helped Ms. Feldpausch's daughter, Ms. Mace, care for Ms. Feldpausch following brain surgery.

While caring for Ms. Feldpausch, Defendant took numerous pieces of jewelry, with said property determined to be worth $8,600.00. Ms. Feldpausch died on October 11, 2018.

On December 5, 2018, Defendant was charged by bill of information with one count of aggravated burglary, a violation of La.R.S. 14:60. On April 3, 2019, an amended bill of information was filed, charging Defendant with one count of aggravated burglary, a violation of La.R.S. 14:60 and one count of exploitation of the infirmed, a violation of La.R.S. 14:93.4. The victim of the aggravated burglary was Ms. Fowler, and the victim of exploitation of the infirmed was Ms. Feldpausch.

Also on April 3, 2019, Defendant entered a guilty plea to the charges on the amended bill of information. In exchange for said plea, the State agreed "to a maximum sentence of 10 [years] on the Aggravated Burglary, that sentence will be concurrent with any other sentence. Restitution of $2600 to Lessie Fowler." The State further agreed "to not prosecute defendant on all other charges for which he was arrested" and to not file a habitual offender bill. At the plea hearing, the State also stated there was no restitution due on the charge of exploitation of the infirmed, noting "there was $8600.00 worth of jewelry taken. According to my reports, all that was taken to a pawn shop and it's believed that all of that, a hundred percent of it, was recovered." The trial court confirmed that "the sentence would run concurrent with any other sentence and that you pay restitution of $2600.00 to Lessie Fowler. So, basically the sentence is left up to me with the exception of the ten year cap on the aggravated burglary. You understand?" Defendant responded he understood and that is his agreement. Thereafter, a pre-sentence investigation ("PSI") was ordered and the parties were to return on June 25, 2019, for sentencing.

2

On June 17, 2019, the trial court issued an "Order" upsetting the sentencing hearing and scheduling a status conference for July 1, 2019, because "clarification is needed on the amount(s) of restitution to be paid." Subsequent to Defendant's guilty plea, the court was informed that State Farm had paid a $4,021.09 claim to Ms. Fowler, who paid a $1,000.00 deductible. It was also learned that, despite the State's claim that all of Ms. Feldpausch's jewelry had been recovered, Ms. Mace, her daughter, contended that jewelry which was intended for her and her daughters was missing and requested $6,600.00 in restitution.

On July 30, 2019, Defendant was sentenced to ten years at hard labor with credit for time served and ordered to pay restitution of $1,000.00 to Ms. Fowler and $4,021.00 to State Farm for the aggravated burglary. As to the exploitation of the infirmed, Defendant was sentenced to five years at hard labor and ordered to pay $6,600.00 in restitution to Ms. Mace. Both sentences were ordered to run concurrently with one another, but consecutively to any other sentence to which Defendant may be subject. Defense counsel entered an unspecified objection to the sentence.

A "Motion to Reconsider Sentence" was filed on Defendant's behalf which contested his sentences as excessive; however, the motion failed to make any mention of restitution, arguing only against the duration of Defendant's imprisonment. The motion was denied without reasons. Defendant now appeals, contending that the amounts of restitution ordered were error and that the trial court lacked authority to impose the restitution orders; furthermore, in the event defense counsel's failure to object or include restitution in the motion to reconsider precludes review of that claim, Defendant contends that his trial counsel was ineffective. Finally, Defendant requests specific performance of the plea agreement. For the

3

reasons that follow, this court vacates the orders of restitution to State Farm and Ms. Mace and remands for a determination of the appropriate amount of restitution payable to Ms. Fowler as agreed to in the written plea agreement.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there is one error patent regarding the restitution ordered by the trial court. Since Defendant has raised this possible error, we will address the error as an assigned error.

This court also notes that there is an error in the minutes of sentencing regarding the restitution amounts awarded. According to the transcript of sentencing, the trial court ordered Defendant to pay the restitution amounts to Ms. Fowler and State Farm as part of the sentence for aggravated burglary. The transcript further reflects the restitution awarded to Ms. Mace was ordered as part of the sentence for exploitation of the infirmed. While the minutes of sentencing accurately reflect the amounts and recipients of the restitutions ordered by the trial court, the minutes fail to specify the sentence to which each restitution order applies. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. As will be discussed in the assignments of error section, the restitution amounts awarded to State Farm and Ms. Mace are vacated. Thus, the minutes are not in need of correction as to those restitution awards. However, we order that the sentencing minutes be corrected to accurately reflect that the trial court's restitution award to Lessie Fowler applies to the sentence imposed for aggravated burglary.

**ASSIGNMENTS OF ERROR:**

4

Defendant presents two assignments of error: the trial court erred in ordering Defendant to pay restitution to State Farm and Ms. Mace, as neither were a listed victim of Defendant's crimes, and that his trial counsel was ineffective for failing to object to the order of said restitution and for failing to raise the issue in the motion to reconsider. Defendant's argument that the trial court lacked authority to award restitution to either State Farm or Ms. Mace is essentially an illegal sentence claim. Restitution in criminal cases is regulated by La.Code Crim.P. art. 883.2 (emphasis added), which states in pertinent part:

> A. In all cases in which the court finds an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court shall order the defendant to provide restitution **to the victim** as a part of any sentence that the court shall impose.
>
> B. Additionally, **if the defendant agrees** as a term of a plea agreement, the court shall order the defendant to provide restitution **to other victims** of the defendant's criminal conduct, **although those persons are not the victim of the criminal charge to which the defendant pleads.** Such restitution to other persons may be ordered pursuant to Article 895 or 895.1 of this Code or any other provision of law permitting or requiring restitution to victims.

In the instant case, the listed victim of the aggravated burglary was Ms. Fowler and the victim of the exploitation of the infirmed was Ms. Feldpausch; accordingly, restitution to any other individuals would have to be agreed to by Defendant "as a term of a plea agreement." La.Code Crim.P. art. 883.2(B). Paying restitution to State Farm and Ms. Mace was not a part of the plea agreement.

As previously noted, the written plea agreement specifically states "[r]estitution of $2600 to Lessie Fowler." There is no mention of restitution to anyone other than Ms. Fowler, the victim of the aggravated burglary. In fact, as to the exploitation of the infirmed charge, the State specifically stated prior to

Defendant's plea that "a hundred percent of [the $8,600.00 worth of jewelry], was recovered." Additionally, based on the information provided during Defendant's sentencing hearing, the State was unaware of any need for restitution to State Farm until they received a letter dated June 11, 2019, more than two months after Defendant pled guilty. The trial court specifically noted it was not until the PSI was being completed *after* Defendant pled guilty that the State determined restitution to Ms. Mace would be appropriate. Given these facts, it is clear that Defendant did not agree to pay restitution to anyone other than Ms. Fowler as part of his plea agreement.

Thus, under La.Code Crim.P. art. 883.2(B), there was no legal authority for the trial court to order restitution to either State Farm or Ms. Mace. In further support of this conclusion, despite the fact that State Farm paid Ms. Fowler for her losses, this court has previously found a trial court cannot order restitution to an insurance company in place of a victim. In *State v. Perez*, 07-229, p. 4 (La.App. 3 Cir. 10/3/07), 966 So.2d 813, 816, this court stated:

> In *State v. Devare,* 03-610, p. 6 (La.App. 5 Cir. 10/28/03), 860 So.2d 191, 195, the trial court's restitution order was vacated "because the caselaw and LSA-C.Cr.P. art. 895.1 indicate that restitution may be ordered only to compensate the victim, not the victim's insurance company." For these reasons, Defendant should be ordered to pay restitution to his victims only.

Although this court acknowledges that *Perez* and *Devare* predate the addition of paragraph B to La.Code Crim.P. art. 883.2, in 2007, this court addressed the issue again after the adoption of La.Code Crim.P. art. 883.2(B) in *State v. Smith*, 08-1030 (La.App. 3 Cir. 3/4/09), 6 So.3d 309. In *Smith*, the defendant agreed to pay restitution to the victims of the crimes to which he pled, and the State argued a

6

victim's insurer was a "victim" of the defendant's theft. This court denied that argument, stating:

> We find that neither of these cases directly address the issue of whether an insurance company is a victim and, thus, do not support the State's contention that an insurance company can or should be considered a victim of criminal conduct. Further, the State does not refer to any supporting jurisprudence, nor have we found any jurisprudence to validate the State's claim. The ruling in *Perez,* 966 So.2d 813, is directly on point and the provision for restitution to the insurance company in the instant case is vacated.

*Id.* at 315.

Additionally, the fifth circuit in *State v. Green*, 09-309 (La.App. 5 Cir. 11/24/09), 28 So.3d 1105 dealt with a claim similar to Defendant's argument. There, the defendant agreed to pay roughly $25,000.00 in restitution to the aggrieved party of his theft. The victim's insurer compensated the victim for all his losses, aside from the victim's $1,000.00 deductible, and the victim had assigned all his rights to the insurance company. The trial court ordered the defendant to pay $26,935.00 restitution to the insurer as well as $1,000.00 restitution to the victim. The fifth circuit vacated the order of restitution to the insurance company, ruling:

> In the present case, the defendant agreed to pay restitution of approximately $25,000 to the "aggrieved party" for damage or loss to be determined by the court on a later date. In order for the trial court to order Defendant to provide restitution to "other victims" of the defendant's criminal conduct pursuant to La. C. Cr. P. art. 883.2(B), Defendant would have had to agree to the term as part of his plea agreement. Nothing in the transcript of the plea colloquy, the documents signed in connection therewith, or the commitment, indicates such an agreement.
>
> Accordingly, we conclude the trial court erred in ordering Defendant to pay restitution to the insurance company. The condition requiring payment to the insurance company must be vacated because the record does not contain a specific agreement by Defendant as a condition of his plea agreement to pay restitution to "other victims of the defendant's criminal conduct, although those persons are not the victim of the criminal charge to which the defendant" has pleaded. La. C. Cr. P. art. 883.2(B).

7

*Green*, 28 So.3d at 1111.

Considering the above jurisprudence, it was an abuse of the trial court's discretion to order Defendant to pay any restitution to State Farm, as there is no evidence that Defendant agreed to such payment as part of his April 3, 2019 guilty plea.

Similarly, Ms. Mace was not the "victim of the criminal charge to which the defendant pleads." La.Code Crim.P. art. 883.2(B). Therefore, to order restitution to Ms. Mace, Defendant would have had to agree to that restitution as a term of his plea agreement. For example, in *State v. Stephenson*, 30,271 (La.App. 2 Cir. 1/21/98), 706 So.2d 604, the second circuit affirmed restitution to a victim of a crime for which the defendant was not charged. However, the defendant's plea agreement specifically included that he would make restitution to the victim of the unfiled charge. That is not the case at present. Defendant made no agreement during his plea that he would pay restitution to Ms. Mace.

According to La.Code Crim.P. art. 883.2(B), the court may also order restitution to other persons pursuant to La.Code Civ.P. arts. 895 or 895.1 "or any other provision of law permitting or requiring restitution to victims." In *Green*, *Smith*, and *Perez*, the courts looked not only at La.Code Crim.P. art. 883.2, but also La.Code Crim.P. arts. 895 and 895.1. Article 895 allows a court to order a defendant placed on probation to pay "restitution to the aggrieved party for damage or loss caused by [Defendant's] offense," while article 895.1 allows a court to order restitution as a condition of probation "in cases where the victim or his family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property." However, La.Code Crim.P. arts. 895 and 895.1 are inapplicable

8

to Defendant, as the restitution was not made a condition to probation. Accordingly, the only restitution article applicable to Defendant would be La.Code Crim.P. art. 883.2, and as previously noted, Defendant did not agree to pay restitution to anyone other than Ms. Fowler as part of his plea agreement. As such, the trial court abused its discretion in ordering restitution to Ms. Mace.

The State argues that Defendant's failure to object to the order of restitution as well as trial counsel's statement at sentencing that Defendant had seen the restitution numbers "and those numbers are correct. So, we don't have any objection to that -- those figures" should preclude Defendant from objecting to the restitution orders. However, those fees were interjected into sentencing more than two months after Defendant's plea and, therefore, cannot be said to have been "a term of [Defendant's] plea agreement." Without said agreement, the trial court lacked any legal authority to order restitution to anyone other than the victims of Defendant's crimes, Ms. Fowler and Ms. Feldpausch. Accordingly, the sentence imposed upon Defendant is illegal with respect to the restitution ordered to State Farm and Ms. Mace. Under La.Code Crim.P. art. 882(A), "[a]n illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review."

Finally, the restitution ordered to Ms. Fowler in sentencing is less than the restitution agreed to in the plea agreement. Normally, this court would simply strike the illegal portions of a sentence and affirm the legal portions of the sentence, which is the action taken by the *Smith* and *Green* courts; the *Perez* court remanded for a determination of whether striking the restitution awards to insurance companies invalidated the plea agreement. However, in this case, Defendant has specifically requested enforcement of the plea agreement. Defendant's plea agreement explicitly

9

stated restitution to Ms. Fowler would be $2,600.00; however, the trial court only ordered $1,000.00 restitution be paid to Ms. Fowler at sentencing. Thus, enforcement of the plea agreement would require the amount of restitution owed to Ms. Fowler be increased.

In *State v. Gregrich*, 99-178, p. 4 (La.App. 3 Cir. 10/13/99), 745 So.2d 694, 696, this court stated that correction of an illegal sentence does not typically require remand but also found:

> We note that in *State v. Narcisse,* 97–3161 (La.6/26/98); 714 So.2d 698, the supreme court vacated a sentence and remanded to the trial court for resentencing where the trial court erroneously required restitution and denied the defendant eligibility for good-time credits. In *Narcisse,* the supreme court did not state that it was required to remand the sentence because the case involved the exercise of sentencing discretion. Rather, it appears that the supreme court may have been exercising its own discretion in remanding the case, because La.Code Crim.P. art. 882(A) does not require that an appellate court correct an illegal sentence but provides that the appellate court "may" correct an illegal sentence on review.

Because there is a question as to what the proper amount of restitution payable to Ms. Fowler is, this court remands the case to the trial court for a determination of the appropriate amount. The remaining restitution orders are vacated.

**DECREE:**

Defendant's convictions are affirmed, as is the respective concurrent terms of imprisonment on those convictions. However, the trial court lacked authority to order Defendant to pay restitution to either State Farm Insurance Company or Lisa Mace, as neither individual was the victim of Defendant's crimes, and Defendant did not expressly agree to pay restitution to either as part of his guilty plea as required under La.Code Crim.P. art. 883.2(B). Accordingly, those restitution awards are vacated as illegal. Furthermore, because there is a discrepancy between the amount of restitution Defendant agreed to pay Lessie Fowler and the amount of restitution

to Ms. Fowler ordered by the trial court, the matter is remanded to the trial court for a determination of the appropriate amount of restitution payable to Ms. Fowler. Lastly, the sentencing minutes are also ordered to be corrected to accurately reflect that the trial court's restitution award to Lessie Fowler applies to the sentence imposed for aggravated burglary.

**CONVICTIONS AND TERMS OF IMPRISONMENTAFFIRMED; RESTITUTION ORDERS VACATED AND REMANDED FOR RESENTENCING.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3